(80 South. 81)

SHAFFER v. STATE. (6 Div. 698.)

(Supreme Court of Alabama. June 20, 1918. Rehearing Denied Nov. 11, 1918.)

1. HOMICIDE ⬡⟹171(2)—EVIDENCE.

In a homicide case it was proper to allow a witness to describe the scene of the killing together with the blood stains and other evidences of the mode of homicide.

2. HOMICIDE ⬡⟹173—EVIDENCE.

In a homicide case it was proper to allow a witness to testify that, to his best judgment, a certain knife found near place of killing, or shown to have been present at the killing, belonged to defendant, where witness was shown to have knowledge of same and to have seen defendant with the particular knife.

3. HOMICIDE ⬡⟹170—EVIDENCE.

In homicide case it was proper to allow a witness to testify that at about the time of the killing and at or near the place in question he heard defendant's voice, witness being shown to be acquainted with voice of defendant, and that he was making threats, although witness was not sure that it was deceased whom defendant was threatening.

4. CRIMINAL LAW ⬡⟹627(7), 631(11) — SERVING COPY OF INDICTMENT AND VENIRE—OBJECTION.

Objection made for the first time after verdict that no copy of the indictment or the venire was served on defendant was too late, in a prosecution for a capital offense.

5. CRIMINAL LAW ⬡⟹1086(1, 10) — CAPITAL OFFENSE—RECORD.

The setting of day for trial and ordering of special venire were judicial acts which court must perform, and must appear of record proper, or a waiver thereof in the manner described by statute, to support a conviction for a capital offense.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Earl Shaffer was convicted of murder, and he appeals. Affirmed.

T. A. Murphree, of Birmingham, for appellant.

F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

MAYFIELD, J. Appellant was indicted and convicted of the murder of one Arthur Chandler by cutting him with a knife, and from the judgment of conviction and sentence of death, he prosecutes this appeal.

After a careful examination of the transcript, we find in the record proper no error which would work a reversal. The minute entries all appear to conform to the statutory requirements as to such entries in capital cases. We have as the statute directs searched the record for reversible errors, but find none, though counsel ffor defendant have filed an appealing and able brief for the defendant.

The trial court is shown to have charged the law fully and correctly, as applied to the evidence in this particular case. If the charges, oral or written, be subject to any criticism, it is that they were more favorable to the defendant than he had a right to demand, when applied to the evidence in the case.

The evidence was practically without dispute that defendant and deceased were both convicts, and, as such, were confined and being worked as prisoners in a coal mine, and that defendant killed deceased by cutting him with a knife. If some of the evidence be true, the killing was, under the law, an unprovoked, deliberate, and premeditated murder. This being true, the defendant was not entitled to any of the requested charges, which were, in effect, affirmative charges to acquit of some one or more degrees of murder.

The other requested charges refused to the defendant were each and all correctly refused, when referred to the evidence in this case. It is useless to treat them severally. Each belonged to a class or kind which has been declared to be properly refused, in trials like this, many times; some because they stressed, and confined the jury to a consideration of, a part only of the evidence; others because they were arguments of counsel: and still others because they were palpably bad for other reasons. It is true, as argued by counsel for appellant, that charge 20, refused to defendant, has been several times held good by this court, and as late as Roberson's Case, 175 Ala. 15, 57 South. 829. In a later case, however, that of Ex parte Davis, 184 Ala. 26, 63 South. 1010, the decisions as to this charge were reviewed, and those holding it good, and that it is error to refuse it, were overruled. Charges were given, however, at the request of the defendant, which asserted the same proposition of law asserted in this charge, though not in the exact language. We repeat, the record shows that the law of the case was fully, correctly, and fairly given to the jury by the trial court.

[1-3] There was no error in any of the given requested charges. There was no error in allowing the witness to describe the scene of the killing, together with the blood stains and other evidences of the mode of the homicide, nor error in allowing a witness to testify that, to his best judgment, a certain knife found near the place of the killing, or shown to have been present at the killing, belonged to the defendant, the witness being shown to have had knowledge on the subject, and to have seen the defendant with the particular knife. Likewise there was no error in allowing a witness to testify that, about the time of the killing and at or near the place in question, he heard the defendant's voice, the witness being shown to be acquainted with the voice of defendant, nor in allowing

the witness to testify to what defendant said on the occasion, the conversation occurring near the place of the killing, and shortly before the time thereof. This testimony as to what he said showed, or tended to show, that defendant, on this particular occasion, was cursing and threatening some one, and was admissible, though the witness was not sure that it was deceased whom defendant was cursing and threatening. It was clearly open for the jury to infer that it was deceased to whom defendant was talking.

It is not made to appear that there was any error in declining to allow the defendant's counsel to ask this witness how long he had served as a convict, and for what offense he was convicted; it not appearing for what purpose such evidence was sought to be elicited. It might have been admissible for some purposes and at certain stages of the progress of the trial; but the conditions to render it admissible were not shown or offered to be shown.

[4, 5] No objection was made during the trial as for lack of service of a copy of the indictment or of the venire on the defendant or his counsel. If there be want or any irregularity in the mode of such service, it must be challenged by timely objection, otherwise it will be treated as waived. The necessity for the record to affirmatively show the service of these copies upon the defendant is not the same as the necessity to show that orders of the court were made as to such venire and service. The one may be, and is, considered as waived, unless objection is timely interposed; while the other is jurisdictional, and must appear of record, or a waiver thereof must appear of record, as is provided for in the statutes. Underwood v. State, 176 Ala. 18, 58 South. 389; Waldrop v. State, 185 Ala. 25, 64 South. 80.

The setting of the day for trial and the ordering of the special venire are judicial acts, which the court must perform and which must appear of record proper, or the waiver thereof, in the mode prescribed by the statute, must so appear of record, to support a conviction as for a capital offense. The service of a copy of the indictment and of the venire upon the defendant is not a judicial act, but an executive or ministerial act; and its performance need not be shown as matter of record proper, as in the case of the indictment itself and of the orders of the court as to the venire.

The objection that no copy, or an insufficient copy, was served, must be taken advantage of by an exception before or during the trial; it is too late to interpose it after verdict or judgment, as was done in this case

The record does affirmatively show the arraignment of the defendant, and the presence of himself and counsel, and the order setting the day for trial and ordering the

special venire, and that no objection was made as to the service of the copy of the indictment and of the venire until after verdict. This was too late.

The day set for the execution of the judgment and sentence of the law having passed pending the appeal, this court sets Friday, the 27th day of December, 1918, as the day for executing the sentence.

Affirmed.

All the Justices concur.