(83 South. 416)

## Ex parte KIRBY.

## KIRBY v. STATE.

## (3 Div. 420.)

(Supreme Court of Alabama. Nov. 27, 1919.)

1. CRIMINAL LAW ⟂371(5) — EVIDENCE OF OTHER FORGERIES ADMISSIBLE TO SHOW INTENT.

On a trial for forgery of a bank check, other checks to which the same person's name had been affixed without his authority were admissible to show intent.

2. CRIMINAL LAW ⟂368(2)—EVIDENCE OF TELEPHONE CONVERSATION ADMISSIBLE AS RES GESTÆ.

On a trial for forging a bank check the testimony of the bank cashier that some one pretending to be the ostensible signer of the check called him by telephone and asked him to pay the check to a bearer *held* admissible as res gestæ, though the witness did not at the time identify the person calling him as defendant.

Certiorari to Court of Appeals.

Petition of Homer Kirby for certiorari to the Court of Appeals to review and revise the judgment of said court affirming the appeal of Homer Kirby against the State. Writ denied.

The facts sufficiently appear. See Kirby v. State, 82 South. 641.

William R. Brassell and Brassell & Brassell, all of Montgomery, for appellant. The court erred in admitting the extraneous charge. King v. State, 8 Ala. App. 239, 62 South. 374. The court erred in admitting the phone conversation. 16 Ala. App. 467, 79 South. 141; 16 Ala. App. 394, 78 South. 310; 143 Ala. 228, 39 South. 141; 153 Ala. 295, 45 South. 73; 14 Ency. of Ev. 154; 6 Id. 924. The Court of Appeals erred in affirming this case on the authority of Alabama Livery Co. v. Hairston, 81 South. 353.

J. Q. Smith, Atty. Gen., and Horace C. Wilkerson, Asst. Atty. Gen., for the State. The judgment of the Court of Appeals was not laid in error. 97 Mo. 473, 11 S. W. 49, 3 L. R. A. 539, 10 Am. St. Rep. 331; Jones on Evidence, §§ 347, 348; Kirby v. State, 79 South. 141.

McCLELLAN, J. The petitioner (defendant) was convicted of the forgery of the name of A. W. Allen to a check; of a series of checks, dated February 8, 1917, for $10; and the Court of Appeals affirmed the judgment of conviction. 82 South. 641. Revision of that court's conclusion on two questions is sought by this petition.

[1] The trial court admitted in evidence other checks of the series, to which Allen's name had been affixed without his authority. These checks were admissible, as the Court of Appeals held, for the purpose of showing the intent with which the check of February 8, 1917, was uttered. McDonald v. State, 83 Ala. 46, 48, 3 South. 305, among others.

[2] The second question arose out of the testimony of W. C. Stokes, cashier of the bank on which the check of date February 8, 1917, purported to be drawn by Allen against his account with that bank. He testified that some one pretending to be A. W. Allen, whom he did not then identify as the defendant, called over the telephone, as had been done at different times, to request that the check in question, as well as others of the series, be paid to a bearer, generally a small negro boy, to whom the person talking said Allen (the pretended speaker) had committed the service because of Allen's inability to leave his business at the time. It is insisted by petitioner that this evidence, given by Stokes, of telephone conversations was inadmissible because the witness did not identify, by voice at least, the defendant as the person talking in the name of A. W. Allen. It is manifest that this testimony had, when offered, no effect to identify the defendant; the witness at the time being unable to refer the conversation to the defendant. The petitioner's criticism of the court's action in admitting this matter would have been well founded if the only object and effect of this testimony had been to undertake the identification of the defendant as the forger of the check in question. On the other hand, the telephonic communication, purporting to be from Allen, received by the witness shortly before the check in question was presented for payment by the negro boy, was of the res gestæ of the act of forgery for which the defendant was being tried. Its relation to this check, and to any others for that matter, to the person whose name was affixed thereto, and to the early presentation of the check by the messenger described over the telephone brought the testimony within the res gestæ of the event, and rendered it admissible.

The Court of Appeals gave effect to the correct result. The petition for certiorari is therefore denied.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

⟂For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes