**COX v. STATE. (7 Div. 938.)**

(Court of Appeals of Alabama. Feb. 5, 1924.)

**1. Criminal law ☞1144(18)—When appellate court will assume evidence offered in support of motion for new trial was merely cumulative to that offered in trial.**

Where, on appeal from judgment overruling motion for new trial, on ground of newly discovered evidence, the evidence is not in the record, every presumption will be indulged in support of the judgment, and on the strength of that presumption the appellate court will assume that the evidence offered by the affidavit in support of the motion was merely cumulative to that offered on the trial.

**2. Criminal law ☞939(1)—Client must furnish evidence to his attorney.**

Diligence must be used by a client in furnishing evidence to his attorney, and without such diligence a new trial will not be granted for newly discovered evidence, as it is not the duty of the latter to "hunt up" evidence.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Tip Cox was convicted of having carnal knowledge of a girl under 16 years of age, and he appeals. Affirmed.

W. J. Boykin, of Gadsden, for appellant.

No brief reached the Reporter.

Harwell G. Davis, Atty. Gen., for appellee.

No brief reached the Reporter.

SAMFORD, J. [1] The defendant, after conviction, filed his motion for a new trial, on the ground of newly discovered evidence. This appeal is from the judgment overruling this motion. The evidence taken on the trial is not in the record and was not introduced in support of the motion. Every presumption will be indulged in support of the judgment of the lower court, and, indulging this presumption, we may assume that the evidence offered by affidavit in support of the motion was merely cumulative to that offered on the trial.

[2] Again, while defendant's counsel submit an affidavit acquitting counsel of a lack of diligence in the preparation of the case, it is not the duty of attorneys to "hunt up" evidence. The client must furnish the evidence, and he knew the state would attempt to prove the age of the girl to be under 16 years. Nothing is shown by the affidavits sufficiently acquitting defendant of a lack of diligence in this respect. Fries v. Acme W. L. Co., 201 Ala. 613, 79 South. 45.

There is no error in the record, and the judgment is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes