**HENDRIX v. STATE. (6 Div. 995.)**

(Court of Appeals of Alabama. June 15, 1926. Rehearing Denied Aug. 31, 1926.)

**1. Criminal law ☞814(3)—Charges to acquit, if jury believed that grand jury, returning indictment against named person, "whose name to the grand jury is otherwise unknown," knew his name to be different than alleged, held properly refused as abstract.**

In trial under indictment of named person, "whose name to the grand jury is otherwise unknown," charges to acquit, if jury believed that grand jury, when they returned indictment, knew defendant's name to be other than that alleged, *held* properly refused as abstract.

**2. Indictment and information ☞81(4).**

Where defendant's Christian name was known to grand jury, conviction under indictment designating him by his initials and averring that his name is otherwise unknown cannot be sustained.

**3. Criminal law ☞283.**

Burden is on accused to show that grand jury, returning indictment designating him by his initials and averring that his name is otherwise unknown, knew his true name.

**4. Criminal law ☞829(1).**

Refusal of charges, fairly and substantially covered by appellant's given charges and oral charge, is not error.

**5. Criminal law ☞804(5).**

Given written charges should be designated by number or otherwise to avoid confusion.

**6. Intoxicating liquors ☞236(19), 238(1).**

Evidence *held* to make jury question and support conviction of distilling prohibited liquors and possessing still for such purpose.

**7. Witnesses ☞240(2).**

It is within court's discretion to permit leading questions.

**8. Criminal law ☞364(3).**

In trial for possessing still and distilling prohibited liquors, inquiries as to defendant's possession of pistol and how he was dressed at time and place of arrest and offense *held* admissible as res gestæ.

**9. Names ☞16(2).**

Names "Hendrix" and "Hendricks" *held* idem sonans.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

D. Hendrix was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Hendrix v. State, 110 So. 168.

Charges 1, 11, and 13, refused to defendant, would predicate an acquittal upon the hypothesis that the jury believed that the grand jury, at the time they returned the indictment in this case, knew defendant's name to be Thomas Dee Hendricks, T. D. Hendricks, or Dee Hendricks, or any other name than D. Hendrix.

Huey & Welch, of Bessemer, for appellant.

A man has a right, if he be indicted at all, to be indicted by his true name, and, if he is not so indicted, he cannot be convicted. If the grand jury charges that his name is unknown to them, and the evidence discloses that his name is known to the grand jury, there can be no conviction. Winter v. State, 90 Ala. 637, 8 So. 556; Leith v. State, 20 Ala. App. 251, 101 So. 336; Turney v. State, 18 Ala. App. 539, 93 So. 325; Du Bose v. State, 19 Ala. App. 630, 99 So. 746. The defendant was entitled to the affirmative charge. Authorities supra; Mathews v. State, ante p. 231, 106 So. 889; Burnett v. State, ante p. 274, 107 So. 321. How defendant was dressed, and that he had a pistol, was wholly immaterial. Woodward Ir. Co. v. Plott, 210 Ala. 176, 97 So. 644; Henson v. State, 114 Ala. 25, 22 So. 127; Johnson v. State, 19 Ala. App. 141, 95 So. 583.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There is no error in refusing charges which are substantially covered by given charges or the oral charge. Hembree v. State, 20 Ala. App. 181, 101 So. 221. The affirmative charges were correctly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726. The allowance of leading questions is within the discretion of the court. Russell v. State, 20 Ala. App. 68, 101 So. 71. The kind of clothes worn by defendant and their condition was material; likewise the fact that he had a pistol. Smith v. State, 20 Ala. App. 442, 102 So. 733; Wright v. State, 19 Ala. App. 112, 95 So. 335.

BRICKEN, P. J. The indictment contained two counts. It charged distilling, etc., prohibited liquors, and also the possession of a still, etc., to be used for that purpose. There was a general verdict of guilty, as charged in the indictment, and the court sentenced the defendant to an indeterminate term of imprisonment in the penitentiary of three to five years. Judgment was pronounced and entered accordingly, from which this appeal was taken.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 157.

[1] The indictment alleged the name of defendant to be "D. Hendrix," and each count contained the additional averment, "whose name to the grand jury is otherwise unknown." There was no plea in abatement (plea of misnomer) interposed to the indictment and the judgment entry recites:

"And also came the defendant, in his own proper person, and by attorney, and the said defendant being duly arraigned upon said indictment, for his plea thereto, says that he is not guilty," etc.

In the case of Wells v. State, 88 Ala. 239, 7 So. 272, the court said:

"The plea of not guilty was an admission that the name by which the defendant was indicted was his true name and a waiver of the misnomer, if, in fact, the indictment was originally open to that objection, whether that advantage is sought to be taken of it on the trial, as by a request for an instruction on the point, or, after verdict, by a motion in arrest of judgment" (citing Miller v. State, 54 Ala. 155).

In the Wells Case, supra, the indictment charged that "Babe Wells (whose true Christian name is to the grand jury unknown otherwise than as stated)," etc.

In the instant case, it is insisted that the allegation and proof as to the name of the defendant do not correspond, and the question was raised in the lower court by certain written charges which the court refused, and it is here insisted that the rulings of the court is refusing said charges were error. We do not so conclude. We are of the opinion that, under the proof advanced upon this trial, said charges were properly refused as being abstract. We take it that the insistence in this connection is directed to the averment in the indictment, to wit, "whose name to the grand jury is otherwise unknown," the contention being that this averment was untrue, and that, as a matter of fact, the grand jury did know, or could have ascertained with reasonable inquiry, the true name of defendant.

[2] The law is that where an indictment designates the accused by his initials and avers that his name is otherwise unknown, and the evidence shows that the Christian name was proved to the grand jury and known to them, a conviction cannot be sustained, where said averment has thus been impeached. Butler v. State, 17 Ala. App. 511, 85 So. 864. In the case of Wells v. State, supra, it was said:

"He might have impeached the finding by disproof of the fact thus alleged; that is, it was open to him to show that his true name was known, and, showing which, the indictment would not have supported a conviction. But he did not do this. What he did was to show, not that the jury knew, but that with reasonable inquiry they might have known, his true name. This was insufficient and a charge requested, which predicated his right to an acquittal on the failure of the jury to make diligent inquiry in this behalf, was properly refused."

[3-5] The burden of proof rests upon the accused to show that the grand jury had knowledge of the true name of the accused. Turney v. State, 18 Ala. App. 539, 93 So. 325. In the instant case, no proof was adduced upon the trial of this case that the grand jury knew the name of defendant other than as alleged in the indictment. Charges 1, 11, and 13, were therefore properly refused, as each of the charges were abstract for the reason above stated. Moreover, these charges were fairly and substantially covered by several of the written charges given at the request of defendant. None of the given written charges are designated by number or otherwise. This should always be done in order to avoid confusion.

[6] There is no aspect of this case which entitled the defendant to the affirmative charge. Charges 4, 5, 6, 7, 8, 9, 10, and 12 were of this nature. They were properly refused. Refused charge 2, whether right or wrong, was fully covered by given charges and by the oral charge. The state's evidence tended to show not only the presence of the defendant at and in close proximity to the still, but also his active participation in its operation. Without dispute, it was shown that large quantities of whisky were found there. Other testimony of similar import was adduced upon this trial.

The defendant admitted his presence near the still, but denied all knowledge of the still being there, and explained his presence by stating he was in search of a drink of water only. That he had been down on the creek securing minnows with which to go fishing. In addition to his own evidence, he offered the testimony of other witnesses tending to corroborate the evidence given by himself. The conflict in the evidence thus presented made a jury question, and there was ample evidence in this case, if believed by the jury, under the required rules, to justify them in their verdict and to support the judgment of conviction.

[7] It is within the discretion of the court to permit leading questions. No abuse of this discretion is here shown, and the several insistences here made in this connection are disapproved.

[8] The inquiries as to defendant's being in possession of a pistol, and as to how he was dressed, at the time and place of his arrest and alleged commission of the offense, were of the res gestæ and admissible. There is no merit in appellant's contention to the contrary.

[9] The name Hendrix and Hendricks are, clearly, idem sonans.

Every ruling of the court, to which exception was reserved, has been examined and considered. None of the rulings, in our opinion, injuriously affected the substantial rights

of defendant. Certainly, no error appears that would justify this court in a reversal of the judgment pronounced and entered as a result of the verdict of the jury. The record proper is also regular and without error.

Affirmed.