(126 So. 180)

## WALLACE v. STATE. (6 Div. 726.)

Court of Appeals of Alabama. Feb. 11, 1930.

The following charges were refused to defendant:

Bolivar B. O'Rear, of Jasper, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This appellant was indicted for the offense of grand larceny, and for receiving, etc., stolen property. The indictment contained two counts; the alleged stolen property was a horse of the value of $100, the personal property of Joe Atkins. He was indicted by the name of "Ab Wallace, alias Albert Wallace, whose name is to the grand jury otherwise unknown," and, upon arraignment, he interposed a plea of "not guilty."

The trial proceeded throughout without exception, and the evidence was ample to justify the jury in the verdict rendered finding the defendant guilty of grand larceny.

It is earnestly insisted, however, that the judgment of conviction cannot prevail, and should be reversed because of an alleged error in the defendant's name as it appears in the indictment; the insistence being that his name is not "Ab" or "Albert Wallace" as it appears in the indictment, but that his name is "Willie Wallace," and the defendant testified, "I have never been known or called by the name of Ab Wallace or Albert Wallace."

The misnomer of a defendant in an indictment is matter of a plea in abatement, not

of objection on the trial after arraignment and the plea of not guilty, or of motion in arrest of judgment; in other words, the misnomer of the defendant must be taken advantage of by plea in abatement, before arraignment and plea to the merits; it is too late to raise the objection afterwards. Miller v. State, 54 Ala. 155; Wells v. State, 88 Ala. 239, 7 So. 272, 273.

In the Wells Case, supra, the court said: "The plea of not guilty was an admission that the name by which the defendant was indicted was his true name, and a waiver of the misnomer, if in fact the indictment was originally open to that objection, whether advantage is sought to be taken of it on the trial, as by a request for an instruction on the point, or after verdict by a motion in arrest of judgment." See, also, Hendrix v. State, 21 Ala. App. 518, 110 So. 167.

The contention of appellant that the grand jury, from the evidence before them, had knowledge that the defendant's name was other than as stated in the indictment, and further that there was no testimony before them that his name was as charged, is not borne out by the record, but the insistence is refuted by the undisputed evidence upon this trial. State witness Breck Kilgore testified: "The defendant said his name was Ab Wallace, and that's what I gave the grand jury. * * * I did testify before the grand jury that that was the name of defendant—Ab Wallace." There was other testimony of like import, and also upon the trial before the jury there was evidence to the same effect.

The law presumes that the grand jury properly discharged its duty. If insistence is made to the contrary, the burden of so showing rests upon the defendant.

For the reasons stated, the charges requested by defendant were properly refused.

Affirmed.