144 So. 867

## ORR v. STATE.
### 6 Div. 132.

Supreme Court of Alabama.
Dec. 15, 1932.

G. C. Bóner, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

## KNIGHT, J.

The appellant, John Orr, Jr., was indicted at the July term, 1929, of the circuit court of Jefferson county for the offense of rape. He was duly arraigned upon said indictment on the 11th day of October, 1930, and on the 23d day of the same month he was convicted by the jury of rape, as charged in the indictment, and his punishment fixed at death. Thereafter nothing appears to have been done in the case until January 16, 1932, when, on said day, the court sentenced the defendant to death. However, on the 9th day of January, 1932, defendant filed in the court a motion for a new trial. This motion was overruled by the court on the 16th day of January, 1932, and the defendant duly excepted to this action of the court.

On the 26th day of January, 1932, the defendant filed a second motion for a new trial, upon the same grounds stated in his first motion, with an additional ground of newly discovered evidence. Along with this second motion defendant submitted the affidavits of the grandmother and grandfather of Mrs. Kelly, the party assaulted, and who, on the trial, had testified to the rape. On the hearing of the motion, the grandmother, grandfather, and the father of Mrs. Kelly were examined ore tenus before the court. The court overruled this second motion for a new trial, and the defendant duly excepted.

On behalf of the state, both Mrs. Kelly, the party assaulted, and her husband, testified that the defendant entered their home about 2 or 3 o'clock in the morning of October 21, 1929, while the two were in bed, and committed rape upon Mrs. Kelly. While ravishing Mrs. Kelly, he made the husband, under threat of death, get under the bed, and remain there until his purpose was accomplished.

The defendant denied in toto the charge, and asserted that he had never been to the home of the Kellys and did not know where they lived. If the testimony of Mr. and Mrs. Kelly is true, the defendant was guilty as charged, but, if the defendant's statements are true, he was not the man who perpetrated the crime, if any was committed. The jury evidently believed the testimony of the Kellys, for they not only convicted the defendant, but imposed the extreme penalty of the law.

■ On October 23d, the state and defendant closed their case, as to the introduction of evidence, and the court adjourned until the next morning. When the case was called the next morning, the solicitor requested the court to allow him to further cross-examine the defendant, to show that he had been convicted of an offense involving moral turpitude. The defendant objected to having the defendant further examined, and the court overruled this objection. To this ruling of the court, the defendant duly excepted. The defendant was thereupon further cross-examined by the state, touching his conviction of burglary and grand larceny. There is no merit in the exception. Whether the court would again open up the case and permit the state to further cross-examine the defendant was a matter within the sound discretion of the court. Thomas v. State, 100 Ala. 53, 14 So. 621; Pitman v. State, 148 Ala. 612, 42 So. 993; Carpenter v. State, 193 Ala. 51, 69 So. 531.

■ After the defendant had been recalled as a witness, he was asked by the solicitor: "Have you ever been convicted for burglary and grand larceny?" The defendant objected to the question, and his objection was overruled by the court. An exception was reserved. The question was permissible. Section 7723, Code. To this question the witness answered: "I was convicted for buying and

644

concealing stolen property and the lawyer plead guilty to it. I did not plead guilty to it." The solicitor then asked the witness: "You served time for it, didn't you?" Counsel for the defendant objected to this question, the court overruled the objection and the defendant duly excepted. The witness answered: "I don't know what he is talking about. The lawyer pleaded guilty, and I served the time after he plead guilty. I could not run." While it is the judgment of conviction of an infamous offense which may be given in evidence as affecting the credibility of the witness, yet we fail to see how the answer to the last question, if erroneous, would be prejudicial to the defendant. We will not reverse the case on that account.

The appellant insists that the trial court committed error to a reversal in overruling the defendant's objection to the following question propounded by the state to Mrs. Kelly: "Now in your best judgment, Mrs. Kelly, this same voice that you heard down there that you say was John Orr talking in the jail, was that the same voice that you heard talking in your house on the night of October 20, 1929?"

"The general rule is that witnesses must testify to facts, and are not permitted to express mere matters of opinion. The rule has its boundaries and exceptions, which are as well defined as the rule itself. Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of a particular fact, better evidence is not attainable, the opinion of a witness, derived from observation, is admissible. 1 Whart. Ev. § 511; Lawson, Ex. Ev. 460." Mayberry v. State, 107 Ala. 64, 18 So. 219, 220. We are of the opinion, that there was no error in overruling the defendant's objection to said question, and certainly so, as for any grounds of objection assigned thereto.

It is also insisted that the court erred in sustaining the state's objection to the following question propounded to the witness, Mrs. Frank Kelly: "I believe that you stated it was not as far as this room is long, did you not? Did you say that, Mrs. Kelly?" This witness had made no such statement, nor anything like it. She had just answered: "I don't know how far it was from the foot of the bed to where the money was." Thereafter the witness again said: "I have some knowledge about distance but I don't know how far it was from the foot of the bed to where the money was." The appellant can therefore take nothing by this exception.

The defendant also objected to this question by the solicitor to Mrs. Kelly: "Did the defendant at any time while over there or going to the table put his flash light on the table or on the vase?" The ground of objec-

tion was that it was leading and suggestive. It is within the discretion of the court to permit leading questions, and it does not appear that the court in overruling the defendant's objection to said question abused that discretion. Donnell v. Jones, 13 Ala. 490, 48 Am. Dec. 59; Sayre v. Durwood, 35 Ala. 247; Hinds v. State, 55 Ala. 145; Huntsville Belt Line & M. St. Rwy. Co. v. Corpening, 97 Ala. 681, 12 So. 295; Anderson v. State, 104 Ala. 83, 16 So. 108.

Likewise, there was no error in sustaining the state's objection to the following question asked the witness A. M. Self: "Did you arrest anybody else for this crime?" The question called for immaterial and irrelevant evidence.

The foregoing disposes of all questions presented for our review on the admission and exclusion of evidence which has here been argued by counsel; however, we have carefully examined all other objections made and exceptions reserved by defendant on admission and exclusion of evidence, and find the rulings of the court below free from prejudicial error.

The appellant, in brief, argues that the court committed error in allowing the solicitor in his argument to the jury to appeal to the prejudice and passion of the jury. For the objectionable argument, we are referred to page 22 of the transcript. The bill of exceptions does not show that any ruling was made by the court in the matter of the argument complained of, nor does it show that the argument was made on the present trial, nor even that it was addressed to the jury on the present trial, nor was any exception reserved on the point now pressed upon our attention. The insistence of the appellant is therefore unavailing to a reversal.

In charging the jury with reference to the impeachment of witnesses by proof of prior conviction of crime involving moral turpitude, the court in its oral charge to the jury stated to them that testimony had been offered by the state showing that the defendant had been previously convicted of burglary and grand larceny, and in a subsequent portion of the charge used this language: "The fact that the defendant himself has been convicted of burglary and grand larceny," etc.

The bill of exceptions recites that the defendant, on being recalled to the stand, was asked by the solicitor: "Have you ever been convicted for burglary and grand larceny?" To this question the witness (defendant) answered: "I was convicted for buying and concealing stolen property and the lawyer plead guilty to it. I didn't plead guilty to it." Thereupon the solicitor asked the witness: "You served time for it, didn't you?" The defendant objected to this question, and the bill of exceptions then proceeds: "The court, after ascertaining that by 'it' the State meant

the offense as charged and outlined in the question," overruled the objection, the defendant then and there duly excepted to the ruling of the court, and the witness answered: "I don't know what he is talking about. The lawyer pleaded guilty, and I served the time after he plead guilty. I couldn't run." The foregoing was all the evidence in the case touching the defendant's conviction of a crime involving moral turpitude.

The court, in stating to the jury that testimony had been offered by the state showing that the defendant had been previously convicted of burglary and grand larceny, and in stating to the jury, "The fact that the defendant himself has been convicted of burglary and grand larceny," fell into error. The court, in the statements above referred to, charged upon the effect of the evidence. This the court had no right to do. Code, § 9507. No doubt the court inadvertently stated to the jury that there was evidence before them, offered by the state, to show that the defendant had been previously convicted of burglary and grand larceny; nevertheless there was error in the statement prejudicial to the defendant. For this error the judgment of the circuit court must be reversed. It becomes, therefore, unnecessary to consider whether there was or was not error in overruling defendant's motion for a new trial.

Reversed and remanded.

All the Justices concur.