36 So.2d 559

**McGRAW v. STATE.**

6 Div. 530.

Court of Appeals of Alabama.

May 18, 1948.

Rehearing Denied June 29, 1948.

Ira Tidwell and Roger F. Rice, both of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant (defendant below) was tried and convicted in the Jefferson County Court of Misdemeanors for the offense of using abusive, insulting or obscene language in the presence or hearing of a female in violation of Title 14, Section 11, Code of Alabama 1940. From said judgment of

conviction he appealed to the Circuit Court of Jefferson County, Alabama, where he was tried de novo on the solicitor's complaint before a jury. He was there found guilty of the offense charged and fined twenty five ($25.00) dollars. The court sentenced appellant to perform hard labor for the county for six months as additional punishment. From this judgment of conviction, this appeal is taken.

During the period of time from about the 1st of November 1945 through the 25th of February, 1947, Mrs. J. E. Jones received a large number of telephone calls from some anonymous male person.

The character of the conversations or statements thus conveyed to Mrs. Jones was obscene, and insulting to a base degree. No reason necessitates setting them forth.

After receiving such a call on 25 February Mrs. Jones contacted the police department of the City of Birmingham. The officer assigned to investigate the complaint went to Mrs. Jones' home. He suggested that she attempt to arrange a meeting with the caller. While this officer was in Mrs. Jones' home the unknown person called again. Mrs. Jones then made arrangements for him to come to her home that afternoon at six o'clock.

Both the officer, and Mrs. Patterson, a neighbor who was present at this time, listened in on the phone to parts of the conversation.

At about twenty minutes to six that afternoon the appellant walked up on Mrs. Jones' porch and knocked several times on the door. Mrs. Jones and Mrs. Patterson were in the house but did not answer the knocks on the door.

The officers at this time arrived and apprehended the appellant. They took him into Mrs. Jones' home. Appellant at this time denied he had ever made any telephone calls to Mrs. Jones, and contended he had come to the Jones house in an effort to locate the residence of an acquaintance.

Mrs. Jones, Mrs. Patterson, and the investigating officer at all times, including the trial below, identified appellant's voice as being the same as the one heard by them over the telephone.

In the trial below the appellant again denied that he had at any time made any telephone calls to, or talked over a phone, to Mrs. Jones.

He further testified that at the time of the alleged calls to Mrs. Jones on 25th of February 1946 he was in Shannon, a small community in Jefferson County, where no telephone was available. Appellant's mother, brother, and sister gave evidence tending to corroborate appellant's contentions.

■ It is clear that no error is present in this record in so far as the learned trial court's rulings on the admission or exclusion of evidence is concerned. Likewise no error resulted in the court's refusal of two affirmative charges requested in writing by the appellant.

Appellant's counsel strenuously argues the sufficiency of the evidence of identification of the accused by voice only under the conditions above depicted.

■ Testimony tending to identify an accused's voice by persons who have heard the accused speak over a telephone and in person is clearly admissible as proof of a positive fact. The weight and probative value of such testimony rests in jury. Kirby v. State, 16 Ala.App. 467, 79 So. 141; Kirby v. State, 17 Ala.App. 151, 82 So. 641, certiorari denied 203 Ala. 473, 83 So. 416; Morris v. State, 25 Ala.App. 494, 149 So. 359; Hall v. State, 208 Ala. 199, 94 So. 59; See also Wigmore on Evidence, 3rd Ed., Vol. II, Sec. 669; 22 C.J.S., Criminal Law, § 644. The jury heard and observed the witnesses in this case. Their conclusions therefrom were adverse to the appellant. In our opinion the jury, under the evidence presented, was fully justified in their conclusions. Certainly it cannot be reasonably asserted that the action of the jury in this case in anywise partook of arbitrariness.

■ Twice during the trial below objections were interposed to portions of the solicitor's argument. These objections were overruled by the court. In only one instance was an exception reserved. The alleged statements of the solicitor were not set forth in the objections interposed, nor do they appear elsewhere in the record. There is therefore no basis on which to ra-

tionally review the ruling on the objection to which an exception was reserved. Warren v. State, 32 Ala.App. 302, 25 So.2d 695; Jordan v. State, 32 Ala.App. 172, 24 So.2d 138.

The record being free of error substantially affecting the material rights of this appellant this cause is ordered affirmed.

Affirmed.