The appellant was indicted and convicted for the grand larceny of a tractor and hay bale loader. In accordance with the verdict *Page 35 
of the jury the trial judge sentenced the appellant to eight years' imprisonment.
Officer Gerald Monday of the Houston County Sheriff's Department testified that while patrolling in Houston County during the early morning hours of February 5, 1977, he heard a conversation between two men on his C.B. radio. Officer Monday identified one voice as that of the appellant and stated that the appellant was talking to a man whom he called "Doug". The conversation regarded a trailer-tractor rig being unable to turn around on a dirt road. By monitoring the C.B. radio transmission of the appellant and "Doug", Officer Monday was able to locate and follow the trailer-tractor rig after it had entered Highway 231 South. Loaded on the trailer-tractor rig were a farm tractor and hay bale loader.
Emmett Ammons, a policeman for the City of Dothan, answered Officer Monday's call for assistance. Monday then stopped the pickup truck which Douglas Odom was driving and aided Officer Ammons in stopping the trailer-tractor rig driven by the appellant.
After being stopped, the appellant told Officer Monday that he was from Biloxi, Mississippi, where he was a "hauler for Clark Howling Hauling Company" and that he had been hired to haul this farm tractor.
In jail, the appellant told Lieutenant Joe Pitts of the Houston County Sheriff's Department that he had been contacted at a lounge in DeFuniak Springs, Florida, by Bill Morrison who hired him for $250.00 to drive his (the appellant's) semi-tractor trailer to Dothan, Alabama, and move a farm tractor approximately ten miles. Lieutenant Pitts testified that the appellant stated that he loaded the farm tractor onto the flat bed of his truck.
Floyd Owens testified that he was the owner of the farm tractor and hay bale loader found on the truck driven by the appellant. Owens left the tractor in a hay field on February 4th after finishing work. The evidence revealed that the fence around this field had been torn down in two separate places in the process of loading the tractor.
The appellant did not testify and called no witnesses in his behalf.
 I
The appellant argues that the trial judge committed reversible error in denying his motion to quash the indictment which was based upon the failure of the court to grant the appellant a preliminary hearing as requested.
On February 22, 1977, the appellant was arraigned and pled not guilty. On February 25, a motion to quash the indictment was filed. While the failure to accord the accused a preliminary hearing can be taken advantage of by a motion to quash the indictment stating that ground, Wade v. State,49 Ala. App. 601, 274 So.2d 626 (1973), the motion must be made before entering a plea to the same indictment. By pleading first to the merits of the indictment, the appellant waived his right to move to quash. Oakley v. State, 135 Ala. 15, 33 So. 23
(1902); Whittle v. State, 205 Ala. 639, 89 So. 43 (1921);Johnson v. State, 134 Ala. 54, 32 So. 724 (1902); Wimbush v.State, 237 Ala. 153, 186 So. 145 (1939). There was no request to withdraw the plea of not guilty. Therefore the motion to quash the indictment was properly denied.
 II
At trial, Officer Monday testified that he knew the appellant had heard him talk, and could identify one of the voices he heard over his C.B. radio as that of the appellant. On appeal the appellant contends that such voice identification was erroneously admitted because of the lack of a proper predicate, i.e., because there was no testimony that Officer Monday had heard the voice of the appellant prior to February 5, 1977, the night of the crime.
The only objection interposed at trial was made after Officer Monday identified the appellant's voice and only on the ground that the question was leading. Matters not objected to in the trial court cannot be considered on the first time on *Page 36 
appeal since review on appeal applies only to rulings invoked at nisi prius. Scroggins v. State, Ala.Cr.App., 341 So.2d 967,971 (1976); Nichols v. State, 267 Ala. 217, 100 So.2d 750
(1958). It is not error to allow a witness to relate facts, over objection, which have already been related without objection. Oatsvall v. State, 57 Ala. App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414, 327 So.2d 740 (1975). Specified grounds of objection waive all grounds not specified and the trial court will not be put in error on grounds not assigned.Whiddon v. State, 53 Ala. App. 280, 299 So.2d 326 (1973). A trial court is required to pass upon grounds of objections which are announced and those omitted are deemed waived. Rogersv. State, 53 Ala. App. 573, 302 So.2d 547 (1974).
Moreover this evidence was properly admitted notwithstanding the fact that Officer Monday never heard the accused's voice before the commission of the crime.
 "The general rule that a witness may not identify an accused by recognition of his voice, unless he has some basis for comparison of the accused's voice with the voice he identifies as the accused's, is satisfied if the witness acquires his knowledge of the accused's voice after the event testified to by the witness, as well as before that time." See 70 A.L.R.2d 995, 1002, citing McGraw v. State, 34 Ala. App. 43, 36 So.2d 559 (1948).
 III
The appellant alleges that the trial judge committed error by failing to give defendant's requested jury charge number 6. The written charge although contained in the record is not endorsed by the trial judge and gives no indication of whether it was given or refused. Without an endorsement a written charge is not properly before this court. Johnson v. State, 56 Ala. App. 627, 324 So.2d 341 (1975). Refused requested written charges are not subject to review when record does not show that judge marked them "refused" and signed his name on them. Stricklandv. State, 269 Ala. 573, 114 So.2d 407 (1959); Turner v. State,266 Ala. 250, 96 So.2d 303 (1957); Watkins v. State,50 Ala. App. 111, 277 So.2d 385, cert. denied, 291 Ala. 801,277 So.2d 389 (1973).
 IV
Defense counsel filed a motion for a new trial based upon the "newly discovered evidence" that the appellant's life had been threatened. Allegedly this was the reason no case was presented by the defense at trial.
At a hearing on the motion the appellant testified that he "withheld everything" from his attorney because his life had been threatened. The appellant stated that Bill Meeks, the man who loaded the farm tractor on his trailer, threatened him after the tractor had been loaded. Meeks allegedly told the appellant "that I (the appellant) was in Houston County, and as long as I was there, to keep my mouth shut about anything that had gone on, or I would be — would probably not get back to Mississippi again". The appellant further testified that he "found out that Lieutenant Pitts might be involved too". Under questioning by the trial judge, the appellant admitted that at some point before his arrest he "knew" or "figured" the tractor to be stolen.
James Douglas Odom, a co-defendant who had already been convicted for the theft of the farm tractor, testified that the appellant had no prior knowledge that the tractor was stolen but was merely hired and sent by Cliff Clark to haul three tractors to North Carolina. The appellant contended that he was merely an employee of Cliff Clark carrying out a job he was paid to do which was arranged between Douglas and Clark.
The requirements essential to the granting of a motion for a new trial on the basis of newly discovered evidence are that the newly discovered evidence (1) has been discovered since the trial, (2) could not have been discovered before trial by the exercise of due diligence, (3) is material, (4) is not merely cumulative or impeaching, *Page 37 
and (5) will probably change the result if a new trial is granted. Hodge v. State, 32 Ala. App. 283, 26 So.2d 274 (1946);Taylor v. State, 266 Ala. 618, 97 So.2d 802 (1957). It is undisputed that the evidence was not "newly discovered" but was within the knowledge of the appellant at the time of his trial. It is fundamental that the accused cannot withhold evidence at trial, and upon conviction seek a second chance before another jury by then producing that evidence. Evidence is not newly discovered where the accused knew of it but did not mention it to his counsel. Mealer v. State, 242 Ala. 682, 8 So.2d 178
(1942); Cox v. State, 19 Ala. App. 557, 98 So. 915 (1924).
We have carefully reviewed the evidence presented on the motion for new trial and find that the trial judge was correct in denying that motion. The evidence does not reveal that the appellant was in such real, apparent, or imminent danger at the time of his trial as to explain or justify his failure to present any defense at all. The evidence presented by the appellant is highly suspect inasmuch as appellate courts look with disfavor on a motion for new trial for newly discovered evidence. Hodge v. State, 32 Ala. App. 283, 26 So.2d 274, cert. denied, 248 Ala. 73, 26 So.2d 278 (1946); Zuck v. State,57 Ala. App. 15, 325 So.2d 531, cert. denied, 295 Ala. 430,325 So.2d 539 (1975). This new evidence, even if presented at trial, would probably not change the verdict in this case. Finally justice and fairness do not dictate that a new trial be granted.
We have searched the entire record and found no errors substantially affecting the rights of the appellant. Therefore the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.