Grand larceny; sentence: ten years imprisonment.
The instant case arises from the same transaction set out in the companion case of Stemple v. State, Ala.Cr.App.,352 So.2d 33 (1977).
Around 2:00 A.M. on February 5, 1977, Sergeant Gerald Monday, of the Houston County Sheriff's Department, overheard a suspicious conversation between two men on his C.B. (Citizens Band) radio. He was able to locate two men who were using a blue pickup truck, driven by the appellant, and a red tractor-trailer truck, driven by James Stemple, on which was loaded a large tractor with a hay loader attached. The tractor was later identified as the property of Floyd Owens, who testified that he had given no one permission to remove it from his property. Owens estimated the tractor to be worth about $10,000 and the hay loader to be worth about $1,000.
Sergeant Monday testified that both vehicles which he had stopped were equipped with C.B. radios. He stated that he heard the two men speaking over their radios and that he later spoke with both of them. He identified the voices he overheard as those of the appellant and James Stemple. A more detailed account of the facts of the case is set out in Stemple v.State, supra, and it is unnecessary to set them out fully herein as they have no direct bearing on the issues presented for review on this appeal.
 I
The appellant contends that the trial judge erred in allowing the prosecution, "to rebut appellant's general reputation and reputation for truth and veracity with specific acts and conduct of the appellant."
A character witness had testified as to the appellant's good general reputation in the community and as to his general reputation for truth and veracity. On cross-examination by the prosecutor, the following occurred:
 "Q. Have you ever heard Mrs. Smith that he had ever been arrested three times for worthless checks?
"MR. CARTER: Objection, Your Honor unless he can —
"THE COURT: Overruled. I have already ruled.
"BY MR. SORRELLS:
 "Q. Have you ever heard that he was arrested in November of 1974, January of '77 and February of '77 for writing worthless checks?
"A. No."
Appellant asserts that his character can be attacked only by evidence of general repute, and that questions relating to specific criminal acts on his part may not be asked. In support of this contention, appellant relies on Baker v. State, Ala.Cr.App., 344 So.2d 547 (1977), in which we noted the general proposition that, ". . . the accused, or any witness, may not be impeached by showing a mere arrest on charge of a crime. . . ." While this may be generally true, Baker and the authority cited therein is distinguishable from the instant case because here we do not deal with the impeachment of a witness or an accused as a witness by proof of his own illegal or unworthy acts. The problem here involves an attack on the credibility of a character witness, and that witness' views of the appellant's general good character by testing the witness' knowledge of specific acts of the appellant which might tend to mitigate against his reputation or character.
In Frazier v. State, 56 Ala. App. 166, 320 So.2d 99 (1975), we stated:
 "Where witnesses testified as to the good reputation of the defendant, it was permissible on cross-examination to test their knowledge of the defendant's reputation by asking if they had heard of specific acts of the defendant that tended to mitigate against his reputation or character. . . . Baldwin v. State, 282 Ala. 653, 213 So.2d 819."
Also see: Crowe v. State, Ala.Cr.App., 333 So.2d 902 (1976);Sexton v. State, 54 Ala. App. 665, 312 So.2d 71 (1975). Such a line of questioning is permissible because an adversary *Page 245 
has the right to test the accuracy, credibility, and sincerity of a witness on cross-examination. Mullins v. State,31 Ala. App. 571, 19 So.2d 845 (1944). At any rate, the question was harmless because of the negative reply. Higginbotham v.State, Ala.Cr.App., 346 So.2d 525 (1977); Baldwin, supra;Binion v. State, 57 Ala. App. 234, 327 So.2d 729 (1976), cert. denied, 295 Ala. 391, 327 So.2d 732.
The appellant, for the first time on appeal, raises objection to similar questions asked of other character witnesses. However, there were no objections raised at trial and no ruling by the trial court thereon, and thus this court is unable to review the propriety of those questions. Tillman v. State,52 Ala. App. 282, 291 So.2d 373 (1974).
 II
Appellant contends that no proper predicate was laid for the introduction of testimony identifying the voice of the appellant as the voice heard by Officer Monday over his C.B. radio.
On direct examination, Sergeant Gerald Monday testified as follows:
 "Q. Let me ask you this. Did you see James Stemple later that night?
"A. Yes, sir.
"Q. Did you talk to him later that evening?
"A. Yes, sir.
 "Q. When you talked to him, was that voice the same voice that you heard on the CB radio?
 "MR. CARTER: I object, Your Honor. He has no way of knowing. He has talked to him one time or twice afterwards and he heard somebody talking —
 "THE COURT: He hasn't said any such thing as that. All right. Go ahead. I overrule you.
"MR. SORRELLS: All right.
"BY MR. SORRELLS:
 "Q. That voice that you heard on the CB radio, is that the same one you heard from James Stemple when you stopped him later that evening?
"A. Yes, sir."
Sergeant Monday also testified that he had known the appellant, Douglas Odom, approximately seven years. He had heard the appellant's voice many times and, after he stopped the two suspects, he then knew for a fact that one of the voices he had heard was that of the appellant. In fact, Monday said one of the voices on the radio had been referring to the other as "Doug."
Generally, testimony by a witness that he recognized the accused by his voice is admissible in evidence, provided only that the witness has some basis for comparison of the accused's voice with the voice which he identifies as that of the accused. Orr v. State, 225 Ala. 642, 144 So. 867 (1932); Hallv. State, 208 Ala. 199, 94 So. 59 (1922); Shaffer v. State,202 Ala. 243, 80 So. 81 (1918); McGraw v. State, 34 Ala. App. 43,36 So.2d 559 (1948); Kirby v. State, 16 Ala. App. 467, 79 So. 141
(1918). There is a sufficient basis for comparison of voices even if the witness acquires his knowledge of the accused's voice after the event testified to by the witness. Stemple, supra; McGraw, supra.
Identification of a voice over a radio or telephone is sufficient where the witness testifies that he knew the person speaking and recognized his voice. Carr v. State, 43 Ala. App. 642, 198 So.2d 791 (1967); Dentman v. State, 267 Ala. 123,99 So.2d 50 (1958). In neither of those cases was the State required to lay a predicate that a radio or a telephone can accurately reproduce the sound of the voice. It is therefore our decision that a proper predicate for the introduction of voice identification evidence was laid in the present case. Defense counsel's objections went only to the weight to be given the evidence, not its admissibility. McGraw v. State, supra.
 III
The appellant contends that in his motion for a new trial, he raised the issue of his denial of a preliminary hearing. The trial judge overruled his motion for a new trial, which he contends was error. *Page 246 
A defendant is only entitled to a preliminary hearing as a matter of right prior to indictment. It has long been held that a preliminary hearing is not a required procedure in a criminal prosecution and that no right to such exists in Alabama after
indictment. Johnson v. State, Ala.Cr.App., 335 So.2d 663
(1976), cert. denied, Ala., 335 So.2d 678. In the instant case, a preliminary hearing had been set for the appellant for February 18, 1977, however, he was indicted by the grand jury of Houston County on February 11. He was therefore not entitled to a preliminary hearing as a matter of right after indictment.
 IV
The appellant requested fifteen written charges to be given to the jury. The trial court gave eight to the jury and refused the other seven charges. None of the appellant's written requested charges were numbered. Written charges should be numbered or otherwise designated to avoid confusion. Hendrix v.State, 21 Ala. App. 517, 110 So. 167, cert. denied, 215 Ala. 114, 110 So.2d 168 (1926). However, neither Section 12-16-13, Code of Alabama 1975, nor the prior statute, Title 7, § 273, Code of Alabama 1940, required that charges be numbered. Although we do not approve of submitting unnumbered charges to the trial court and likewise find it cumbersome and difficult to refer to various unnumbered charges in the opinions of this court, we nevertheless must consider each such charge. Beardenv. LeMaster, 284 Ala. 588, 226 So.2d 647 (1969).
One of the refused charges was in the nature of an affirmative charge which was properly refused since there was sufficient evidence presented from which a jury could draw an inference of guilt on the part of the appellant. The other six charges were substantially and fairly covered in the court's oral charge or in other written requested charges which were given to the jury. Section 12-16-13, Code of Alabama 1975.
The appellant, in his brief, contends that three of his written requested charges setting out the elements of grand larceny should have been given to the jury. We find that the trial court adequately and substantially defined the offense of grand larceny in its oral charge to the jury. Each of the three refused charges in question were predicated upon the statement that the four required elements to prove grand larceny are:
"1. A felonious taking.
"2. A carrying away.
"3. The property of another.
"4. An intent to steal or deprive the owner thereof."
We find each of the three charges predicated on the above definition of grand larceny to be incomplete statements of the law. Each of the definitions fails to set out the required value of the property. The crime of grand larceny, pursuant to Section 13-13-50, Code of Alabama 1975, requires that the personal property of the category taken in the instant case be valued at $25 or more. Thus, in addition to the other grounds enumerated, the trial judge properly refused the three requested charges as they each omitted an essential element of the statutory definition of grand larceny.
Affirmed.
All the Judges concur.