We granted certiorari to review one of the issues in this case, the issue of voice identification. The full facts are amply set forth in Favors v. State, 437 So.2d 1358 (Ala.Cr.App. 1983). The following, however, is a synopsis of the facts as they pertain to this specific issue.
Diana Houston, city clerk to the town of Hobson City, received a telephone call from a man on October 2, 1981, two days after the victim had been reported missing, identifying himself as "Robert Miller." The substance of the call was that he had been hunting in the area of the local rock quarry and had discovered a dead body. Six days later, she was monitoring telephone calls on the city hall telephone lines and she recognized the voice on one of the lines as the voice of the person who had identified himself as "Robert Miller." Ms. Houston testified at the trial that when she looked up that day, she saw Edward Jett Favors, the appellant, a short distance away using a telephone and talking on that particular line.
In its opinion, the Court of Criminal Appeals discusses the trial court's permitting the state to introduce into evidence Ms. Houston's testimony that the voice of "Robert Miller" was the voice of Edward Favors:
 "Contrary to appellant's assertion, we believe that the trial court properly allowed into evidence the voice identification.
"This Court has held:
 "`Generally, testimony by a witness that he recognized the accused by his voice is admissible in evidence, provided only that the witness has some basis for comparison of the accused's voice with the voice which he identifies as that of the accused.' Orr v. State, 225 Ala. 642, 144 So. 867
(1932); Hall v. State, 208 Ala. 199, 94 So. 59
(1922); Shaffer v. State, 202 Ala. 243, 80 So. [81], 82 (1981); McGraw v. State, 34 Ala. App. 43, 36 So.2d 559 (1948); Kirby v. State, 16 Ala. App. 467, 79 So. 141 (1918). There is a sufficient basis for comparison of voices even if the witness acquires his knowledge of the accused's voice after the event testified to by the witness. Stemple, [v. State, 352 So.2d 33 (1977) ] supra; McGraw, supra. [Emphasis added.] Odom v. State, 356 So.2d 242
(1978).'
 "Appellant correctly states that a witness may identify the voice as that of the accused if he has had a subsequent face-to-face conversation with the accused. McGraw v. State, 34 Ala. App. 43, 36 So.2d 559 (1948). However, McGraw, supra, did not hold that this was the only means. We believe that hearing appellant's voice on the telephone subsequent to the first conversation coupled with seeing appellant while he used the telephone provides the required basis for comparison. We do not see how this situation substantially differs from a subsequent face-to-face conversation. If anything, hearing appellant's voice over the telephone subsequent to the conversation would be more reliable.
 "Any distortion caused by the electronic transmission of the voice over the telephone would possibly be present in both conversations whereas such possible distortion would not be present in a face-to-face conversation.
 "In any event, the trial court properly allowed the voice identification into evidence. Taylor v. State, 75 Ga. App. 205, 42 S.E.2d 926 (1947)."
437 So.2d at 1367-68 (Ala.Cr.App. 1983).
It is evident from the facts that there was no face-to-face conversation per se between the witness and Edward Favors subsequent to the October 2, 1981, telephone call, as Favors contends there must be under McGraw v. State, 34 Ala. App. 43,36 So.2d 559 (1948), cert. dismissed, 251 Ala. 123,36 So.2d 560, for the voice identification to be properly admitted into evidence. *Page 1372 
Ms. Houston testified that she recognized the voice on a city hall telephone line six days later as being the voice of the person who had previously identified himself as "Robert Miller," and that it was the appellant she saw but a short distance away talking on that particular telephone line.
We do not believe that our voice recognition rule, as articulated in McGraw v. State, supra, should be interpreted so strictly and absolutely as to preclude, under these facts, Ms. Houston's testimony. See generally Annot., 79 A.L.R.3d 79 (1977). The witness's "hearing the appellant's voice on the telephone subsequent to the first conversation coupled with seeing appellant while he used the telephone provides the required basis for comparison," Favors v. State,437 So.2d at 1368 (Ala.Cr.App. 1983), thereby ensuring its reliability. Plainly, the weight and probative value of such testimony rests with the jury. See McGraw v. State, supra.
The decision of the Court of Criminal Appeals is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.