TAYLOR, Presiding Judge.
The appellant, Roy Wright Cobb, was convicted of sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama 1975, and was sentenced to six years’ imprisonment.
The state’s evidence tended to show that the victim, a nine-year-old girl, had been sexually abused by Roy Cobb since she was in kindergarten. Brenda Harold, the girl’s mother, worked a twelve-hour shift at a Sony manufacturing plant several days a week. She would take the young girl and her brother to the house of Evelyn Cobb, the wife of the appellant, who would babysit the children.
The victim testified that appellant would touch her in her “vagina” with his fingers and with his “penis.” She also stated that “he tried to put it inside” her and made her “touch him on his penis.” She testified that this would happen several times a week and that she had been afraid to tell anyone because appellant had told her “he would do something to her” if she did.
Finally, in August 1986, the girl told a friend at school that Cobb was “messing” with her. It was on the evening of that same day that she told her mother. The next day she was examined by a doctor, who reported the incident to the Department of Human Resources. The young girl was interviewed by two representatives, one from the Alabama Bureau of Investigation and one from the Department of Human Resources. At that time the victim drew a picture of appellant as he appeared when he exhibited himself to her. These pictures were received into evidence over defense objections. Appellant raises six issues.
I
Appellant first challenges the sufficiency of the evidence to convict him of *622 sexual abuse in the first degree. Specifically, he argues that the victim’s testimony was weak and not credible. Appellant has preserved this issue for appeal by making a motion for judgment of acquittal. Section 13A-6-66 defines sexual abuse in the first degree:
“(a) A person commits the crime of sexual abuse in the first degree if:
“(1) He subjects another person to sexual contact by forcible compulsion; or
“(2) He subjects another person to sexual contact who is incapable of consent by reason of being physically helpless or mentally incapacited; or
“(3) He, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old.”
When considering any issue dealing with sufficiency, “this court is required to view the evidence in a light most favorable to the prosecution.” Parrish v. State, 494 So.2d 705, 709 (Ala.Cr.App.1985). This court will disturb a jury verdict only when the preponderance of the evidence is so one-sided as to “convince this court that it was wrong and unjust.” Id., at 709.
In the present case, it is apparent from the evidence that the victim was nine years old. To prove the remaining element, the state must show that the sexual contact was “done for the purpose of gratifying the sexual desire of either party.” Section 13A-6-60(3), Code of Alabama 1975.
We have commonly held that “consent, force and intent to gratify the sexual desire of either party are jury questions.” See Parrish, supra, at 709; Hutcherson v. State, 441 So.2d 1048, 1052 (Ala.Cr.App.1983).
“A jury may believe or disbelieve all or any part of the testimony presented by either side, and even when all of the evidence against an accused comes from the victim the jury may believe such uncorroborated testimony beyond a reasonable doubt and convict the accused. Gilmore v. State, 358 So.2d 501 (Ala.Cr.App.1978). The jury’s finding in the case before us must therefore be upheld.” Jeffers v. State, 455 So.2d 201, 203 (Ala.Cr.App.1984).
II
The appellant further contends that the trial court erred in denying his motion for a new trial because a jury venireman failed to answer a question. During the jury voir dire the following occurred:
“Are any of you good frineds or related to Doug Valeska, the gentleman that just stood up here and asked questions? Are any of you friends with him, been out to eat with him, anything, socially? Do you know him? Been in his office to talk to him or anything like that?”
Appellant’s counsel requested a new trial because Ms. Dendy, one of the jury venire, had worked with Mr. Valeska's mother in the past. Ms. Dendy testified at the hearing on the motion for new trial that when the question was asked, “we all snickered and you all did too.” She said that everyone knew Doug Valeska. However, nothing further was asked to the prospective jurors concerning their involvement with the attorney representing the state, Doug Valeska. No questions were asked concerning any relationships the jurors might have had with relatives of Mr. Valeska.
This venire person evidently was not related to and was not a good friend of the prosecuting attorney. She had not been out to eat or “anything socially.” She had not been in his office to talk to him. She did not know him. She had only worked with his mother in the past. Even if she had failed to correctly respond, we would note: “[T]his court has said that the failure of a juror to make a response to a question regarding his qualifications to serve as a juror, regardless of the situation or circumstances, does not automatically entitle one to a new trial.” Radney v. State, 342 So.2d 942, 946 (Ala.Cr.App.1976), writ denied, 342 So.2d 947 (Ala.1977).
“All parties are entitled to truthful answers from prospective jurors on examination of the venire and concealment of facts by silence by such a prospective juror denies the parties their right to advisedly exercise peremptory strikes, but it is permissible for a juror to remain silent until a question applies to him in a *623 manner demanding a response. Flurry v. State, 52 Ala.App. 64, 289 So.2d 632, writ denied, 292 Ala. 720, 289 So.2d 644; Poellnitz v. State, 48 Ala.App. 196, 263 So.2d 181.” Thomas v. State, 338 So.2d 1045 (Ala.Cr.App.1976).
The trial court did not err in denying appellant’s motion for a new trial.
Ill
Appellant further argues that the trial court erred in denying, in part, his motion to exclude his extrajudicial statement. Although the court excluded part of the statement made by the appellant, he contends that the court erred in failing to suppress the entire statement on the grounds of involuntariness.
Appellant’s counsel maintains that since the appellant was a police officer, he was under substantial pressure to defend himself.
“ ‘In considering whether a confession or inculpatory statement is voluntarily made, the trial judge need only be convinced from a preponderance of the evidence as to the rules of voluntariness.’ Chambers [v. State], 455 So.2d [1008] at 1010 [ (Ala.Cr.App.1984) ]; see also Hale [v. State, 420 So.2d 821 (Ala.Cr.App.1982)]; Lego v. Twomey, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). ‘The test for the voluntary nature of an extra judicial confession or inculpatory statement is whether in the light of all the surrounding circumstances, the statement was free from inducement, threat or promise, either expressed or implied, which would have produced in the mind of the accused any fear of harm or hope of favor.’ Rogers v. State, 365 So.2d 322 (Ala.Cr.App.), cert. denied, 365 So.2d 334 (Ala.1978), and cases cited therein.” Seawright v. State, 479 So.2d 1362, 1367 (Ala.Cr.App.1985).
In Moore v. State, 415 So.2d 1210 (Ala.Cr.App.1982), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982), Judge Bowen, speaking for this court, stated that “where the voluntariness inquiry presents conflicting evidence, great weight must be given the trial judge’s finding of voluntariness.” Id., at 1214.
In the present case the officer who took the appellant's statement testified that he read him his Miranda rights and that the appellant then executed a waiver of rights form. The appellant was offered no hope of remuneration, reward, or probation. Neither threats nor promises were made to him.
Therefore, the judge did not err in admitting parts of the statement made by the appellant.
IV
Next, the appellant urges that the introduction of two drawings made by the victim violated the hearsay rule and should have been excluded.
At the time the drawings were introduced, however, appellant objected on grounds that the drawings were irrelevant and violated the best evidence rule. Such an objection does not preserve the hearsay issue for our review. “An objection on specific grounds waives all grounds not specified.” Berry v. State, 408 So.2d 548, 550 (Ala.Cr.App.1981), cert. denied, 408 So.2d 551 (Ala.1982), cert. denied 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 453 (1982).
V
The appellant further argues that the court erred by conducting an in-camera hearing concerning the bias of a grand juror during the grand jury proceeding which returned the indictment of the appellant.
“By appearing and entering a plea at his arraignment, the petitioner waived any irregularities in the indictment unless the indictment was so defective that it left the accused unaware of the nature and cause of the charges against him.” Ex parte Tomlin, 443 So.2d 59 (Ala.1983), cert. denied, 466 U.S. 954, 104 S.Ct. 2160, 80 L.Ed.2d 545 (1984).
VI
Last, appellant argues that the court erred in denying his motion in limine *624 to prohibit any testimony concerning the use of “anatomically correct” dolls. However, the appellant in his brief cites no legal authority for this contention. As this court held in Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984), if no legal authority is cited, the matter is deemed waived.
Based on the foregoing, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.