Willie Mays Mobley was indicted for trafficking in cocaine and possession of marijuana in violation of § 20-2-80, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" for trafficking in cocaine and not guilty of possession of marijuana. The trial judge sentenced the appellant to fifteen years' imprisonment in the State penitentiary, pursuant to the Habitual Felony Offender Act. The trial judge also ordered the appellant to pay a $50,000 fine.
On February 12, 1988, approximately ten members of the Jefferson County Sheriff's Department, Narcotics Division, executed a search warrant at 815 11th Street North, Birmingham, Alabama, which was believed to be a "crack house."
Several of the members of the search group were to enter the front of the house, while the others stood guard at the back of the house. When Deputy Sheriff Horton positioned himself at the back of the house, he noticed that the back door had been slightly opened. Horton saw the appellant sitting on a couch with a gun in his hand. When an officer at the front door yelled "Sheriff's Department" and entered the house, the appellant got up and ran toward the back door. Horton grabbed the appellant and Deputy Kilburn took the appellant to the police car and searched him. A search of the appellant resulted in finding $1109 and crack cocaine.
A total of fourteen people were in this house when it was raided. The fourteen people inside the house were placed under arrest and charged with crimes ranging from possession of to trafficking in a controlled substance.
This house consisted of three main rooms. In the front room, the officers found: (1) two sets of scales, both having white powdery residue on them, (2) plastic baggies, some of which contained cocaine and others contained crack cocaine, (3) a pipe, commonly used to smoke crack cocaine, (4) crack cocaine lying loosely on a table and (5) two knives. The only person found in the front room at the time of the raid was Anthony Louis Chislom.
The middle room contained a space heater and a small table. Most of the persons arrested were found in the middle room. When the occupants of the middle room heard the officers enter the house they went toward the rear door. However, they retreated back to the middle room when a police officer at the back door "racked" his shotgun.
The back room was the kitchen. There was no refrigerator, and no food and no dishes were found in the kitchen. The kitchen had a sink, hot water heater and a sofa. Deputy Gary Creel found a pipe, used to smoke crack, above the sink. A blue can was found on the floor between the sofa and the wall. The can, located approximately six inches from the sofa, contained forty-six grams of cocaine. The appellant was the only person seen in this room at the time of the raid.
 I
The appellant contends that he was denied a fair trial because the trial court failed to grant his motion to sever his case from that of the co-defendant. On November 7, 1988, the trial court consolidated the trials of the appellant and Anthony Louis Chislom. The record reflects that the appellant was timely notified of the State's motion to consolidate, but defense counsel chose to defer his argument against consolidation until the day of trial. Before the trial began on November 15, 1988, the appellant made a motion to sever. This motion was denied by the trial court.
The proper time to raise a motion for severance of defendant is stated in Rule 15.4(f) Alabama Temporary Rules of Criminal Procedure. This rule provides:
 "In the circuit court a motion to sever defendants must be made not more than 7 days after arraignment; or, if there *Page 31 
was no arraignment, then within 7 days after the filing of a written plea of not guilty; or, in the event the court has ordered defendants to be tried jointly, pursuant to section (b), then within 7 days of the court's order; but in any event, subject only to the further provisions of this section (f), such a motion must be made prior to commencement of trial. In other courts such a motion must be made not more than 7 days after the filing of the charge or charges against the joined defendants; or, in the event the court has ordered that defendants be tried jointly, pursuant to section (b), then within 7 days of the court's order; but in any event, subject only to the further provisions of this section (f), such a motion must be made prior to the commencement of trial. If, after the expiration of these time periods, a ground which was not previously known arises or becomes known, either before or during trial, and that ground could not have been discovered previously through the exercise of due diligence, then a party may move for a severance of defendants, but must do so at the earliest reasonable opportunity. The right to move for severance is waived if a proper motion is not timely made."
The record shows that the appellant failed to make a timely motion to sever. In order to comply with the above stated rule, the motion should have been made by November 14, 1988, because the court ordered consolidation on November 7, 1988.
Further, according to Rule 15.4(f) Alabama Temporary Rules of Criminal Procedure, a motion to sever may be made after the time allotted by the rule if new grounds for severance become evident and neither party was originally aware of such grounds. Counsel must act promptly in bringing this to the court's attention. In the present case, during the early proceedings of the trial, the appellant stated his reasons to have the cases severed. The appellant's counsel stated:
 "Judge, basically what I want to argue is that a couple of things about joining the defendants together: I feel it would have a prejudicial impact on my client, Mr. Mobley, to have these cases tried together. And that this impact would outweigh the economy and time and expense that the State would be saved in having a singular trial.
 "Mr. Mobley would be denied a fair and impartial and unprejudiced trial if they were joined together because of the fact that one of the co-defendants in this case, Mr. Chislom, has a prior criminal record.
 "The weight of these two gentlemen being tried together could conceivably prejudice, in some jurors' minds, the presumption of innocence which he is guaranteed by the Constitution.
 "This prejudice that could be in some of the jurors' minds could possibly be a result of, as I said, the fact that they are tried together.
 "Mr. Chislom and Mr. Mobley, I think the facts are going to show, were both in the house at the same time. And in some jurors' minds they may think that birds of a feather flock together; if one is guilty, then the other is, too.
 "And for those reasons, I believe that the fact that they are going to be joined together would greatly prejudice Mr. Mobley's right to a fair trial. And I would ask they be severed."
(R. 6-7)
The appellant has not shown that his reasons for severance were based on newly discovered grounds.
Moreover, for the appellant to prevail, he must show that he was prejudiced because the severance was not granted. The test for determining when a severance should be granted on the ground of prejudice is "whether under all circumstances as a practical matter it is within the capacity of the jurors to follow the court's instruction and to collate and appraise the independent evidence against each defendant solely upon the defendant's own acts." Graham v. State, 494 So.2d 916
(Ala.Cr.App. 1986); See Holsemback v. State, 443 So.2d 1371
(Ala.Cr.App. 1983). *Page 32 
In the present case, the trial judge gave the jury explicit instructions to consider the evidence with respect to each defendant individually. It is apparent that the jury did make an independent evaluation of each defendant and each charge. This is shown by the fact that the jury returned a not guilty verdict in the appellant's favor for possession of marijuana, while also convicting him of trafficking in cocaine.
These two cases were properly joined. Both persons were charged with trafficking in cocaine and both cases arose from the same event.
We, therefore, find that the appellant was not prejudiced by the denial of his motion to sever the trial.
 II
The appellant next asserts that the evidence does not support a conviction of constructive possession for trafficking in cocaine. The appellant was charged with constructive possession of twenty-eight grams or more of cocaine or a mixture containing cocaine.
 "Constructive possession arises only where the illegal substance is found on premises owned or controlled by the accused. Campbell v. State, 439 So.2d 718 (Ala.Cr.App.), rev'd on other grounds, 439 So.2d 723 (Ala. 1983). When constructive possession is relied upon, as it is here, the prosecution must prove beyond a reasonable doubt that the accused had knowledge of the presence of the controlled substance. Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.), cert. denied, 405 So.2d 725 (Ala. 1981). When the accused is not in exclusive possession of the premises, this knowledge may not be inferred unless there are other circumstances tending to buttress this inference. Temple v. State, 366 So.2d 740
(Ala.Cr.App. 1978). Some evidence which connects the defendant with the contraband is required. Grubbs v. State, 462 So.2d 995 (Ala.Cr.App. 1984).
 "The evidence offered by the prosecution to establish appellant's constructive possession of the cocaine is based largely on circumstantial evidence; therefore, we must view that evidence in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979)."
Saffold v. State, 521 So.2d 1368, 1373 (Ala.Cr.App. 1987).
In the present case, the evidence established that the appellant was found in the back room of a "crack house." In an adjacent room to where the appellant was found, people were standing around smoking crack cocaine. In the front room of the house drugs were lying packaged and loose all about the room. Two sets of measuring scales were also found in the front room.
The appellant was the only person seen in the kitchen area. He was seen sitting on a couch in the kitchen, immediately prior to the raid. When the appellant was apprehended, he had a small quantity of cocaine and approximately $1109 on him. A search of the kitchen area found a pipe, commonly used to smoke cocaine, and a blue can which contained forty-six grams of cocaine. The can was located approximately six inches away from the sofa where the appellant was seated. While proximity to a contraband alone is not enough to establish constructive possession, "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt of such charges." Soriano v. State, 527 So.2d 1367, 1372
(Ala.Cr.App. 1988); United States v. Whitmire, 595 F.2d 1303,1316 (5th Cir. 1979), cert. denied, 448 U.S. 906,100 S.Ct. 3048, 65 L.Ed.2d 1136 (1980).
The circumstantial evidence was sufficient to infer that the appellant had knowledge of the presence of a controlled substance. This, coupled with the proximity of the can containing cocaine to the place where appellant was sitting just prior to the raid, establishes that the appellant was in constructive possession of over twenty-eight grams of cocaine.
Further, our Supreme Court held in Robinette v. State,531 So.2d 697 (Ala. 1988) that, where the defendant was found in a *Page 33 
"drug den" and other circumstances were proven to imply possession, the jury had substantial information to find the defendant guilty of possession. Thus, we find that there was enough evidence from which the jury could find the appellant guilty of constructive possession of over twenty-eight grams of cocaine.
For the reasons stated, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.