The appellant was indicted for first degree arson, in violation of § 13A-7-41, Code of Alabama 1975; first degree sexual abuse, in violation of § 13A-6-66, Code of Alabama 1975; and second degree assault, in violation of § 13A-6-21, Code of Alabama 1975. He was convicted of first degree sexual abuse and second degree assault. He was acquitted on the arson charge. He was sentenced to 10 years in prison for each conviction, the sentences to run concurrently. He raises five issues on appeal.
 I
The appellant first contends that the trial court erred in denying his motion for severance.[1] He argues that the arson charge should have been severed from the sexual abuse and assault charges.
Ala.R.Crim.P.Temp. 15.3 and Ala.R.Crim.P. 13.3 both provide that two or more offenses may be joined in an indictment if they "are based on the same conduct or are otherwise connectedin their commission." (Emphasis supplied.) The trial court may order a separate trial if it appears that the defendant is prejudiced by a joinder of offenses. Ala.R.Crim.P. Temp 15.3; Ala.R.Crim.P. 13.4. "The burden of proof is on the defendant to demonstrate specific and compelling prejudice which the trial court cannot protect against and which causes him to receive an unfair trial." Hinton v. State, 548 So.2d 547, 555
(Ala.Crim.App. 1988), aff'd, 548 So.2d 562 (Ala. 1989), cert. denied,493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989). The granting of a severance rests within the discretion of the trial court and its refusal to sever counts or defendants that are properly joined will only be reversed for a clear abuse of discretion.King v. State, 518 So.2d 880 (Ala.Crim.App. 1987).
The record reveals that J.E. formerly lived with the appellant and was living with James Fillmon at the time of the offenses. Several days prior to the assault and sexual abuse, the appellant and his girlfriend drove by Fillmon's mobile home and blew the horn. This was done several times over a two-day period. The appellant made remarks about Fillmon and J.E. and stated that he was going to shoot J.E. between the legs and kill Fillmon. He also stated that he was going to burn the mobile home. A few days later, the appellant offered J.E.'s daughter $50 to bring her to him. When she refused, he made a threatening remark concerning J.E. The appellant saw J.E. later that day. He asked her who she was living with and he told her he was going to kill her. He started cutting her clothes off and cut her breast. He also cut the inside of her leg. He also touched her vaginal area. A few evenings later, Fillmon awoke and discovered that his mobile home was burning. Fillmon and J.E. escaped. An investigation revealed that the fire was caused by an accelerant. The record also reveals that on the day before the fire, the appellant called Fillmon and told him that he was going to blow out the windows or burn the mobile home.
Clearly, the offenses were connected. The appellant has failed to show that he suffered any specific and compelling prejudice because of the joinder of the offenses. No prejudice results where, as here, the *Page 237 
jury could easily separate the evidence of the separate crimes. Moreover, we note that the appellant was acquitted of the arson charge. See Mobley v. State, 563 So.2d 29 (Ala.Crim.App. 1990); Trahan v. State, 450 So.2d 1102 (Ala.Crim.App. 1984).
 II
The appellant next contends that the evidence was insufficient to convict him of sexual abuse because the State failed to show that the appellant touched J.E. for the purpose of sexual gratification. This argument has no merit. Intent is a jury question. Cobb v. State, 548 So.2d 620 (Ala.Crim.App. 1989). The intent required under § 13A-6-66, Code of Alabama 1975, may be inferred by the jury from the act itself. Nails v.State, 549 So.2d 572 (Ala.Crim.App. 1989); Hawkins v. State,549 So.2d 552 (Ala.Crim.App. 1989). If the jury believed J.E.'s testimony, the jury could have inferred the requisite intent. Hawkins.
 III
The appellant next contends that he was denied his right to a speedy trial. This argument has no merit. The record reveals that the appellant filed a motion for speedy trial on October 15, 1990. This motion was granted. Thus, this issue is not preserved for review because there was no adverse ruling from which to appeal. Irby v. State, 429 So.2d 1179 (Ala.Crim.App. 1983). Furthermore, the record reveals that a writ of arrest was issued on September 14, 1990. The case was set on November 13, 1990. It was continued due to the trial judge's illness. The appellant was tried in January 1991. A delay of four months was certainly not presumptively prejudicial. See, e.g.,McLemore v. State, 562 So.2d 639 (Ala.Crim.App. 1989). Thus, this court is not required to address the remaining three factors set out in Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
 IV
The appellant next contends that the trial court erred in allowing the State to claim surprise and to impeach its own witness. This argument has no merit. The record reveals that the appellant has mischaracterized what actually occurred. The State did not impeach its own witness.
" 'Impeaching testimony' is that designed to discredit a witness, or to reduce the effectiveness of his testimony by bringing forth evidence to show why faith should not be accorded his testimony." Brown v. State, 545 So.2d 106, 115
(Ala.Crim.App. 1988), aff'd, 545 So.2d 122 (Ala. 1989), cert.denied, 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 206 (1989) (quoting Schroeder, Hoffman Thigpen, Alabama Evidence § 6-1 (1987)). "When the testimony of a witness is adverse to the party who called the witness, it is proper for the trial court to allow that party, either for the purpose of proving surprise or to refresh the witness's recollection, to question the witness regarding prior inconsistent statements." Hamilton v.State, 520 So.2d 155, 161 (Ala.Crim.App. 1986), aff'd,520 So.2d 167 (Ala. 1987), cert. denied, 488 U.S. 871,109 S.Ct. 180, 102 L.Ed.2d 149 (1988). See also C. Gamble, McElroy'sAlabama Evidence § 165.01(7) (4th ed. 1991). The record reveals that, although inartfully done, the prosecutor was simply refreshing the witness's recollection. Furthermore, it appears from the record that what really occurred was a misunderstanding between the prosecutor and the witness. The record reveals that apparently the witness thought that the prosecutor was referring to one incident and the prosecutor thought that he was referring to another incident. Moreover, the statement to which the appellant objects concerned the arson charge, and the appellant was acquitted of arson.
 V
The appellant next contends that the trial court erred in allowing Fillmon to identify the appellant as the caller who had threatened to burn his mobile home because the State did not lay the proper predicate. The record reveals that, although inartfully done, the prosecutor elicited testimony that Fillmon saw the appellant for the first time at a friend's house the day *Page 238 
after the fire. The appellant was banging on the door and yelling. Fillmon testified that he knew the appellant was the caller. There is no error in admitting the identification simply because the appellant's identification was accomplished by seeing and hearing the appellant after the telephone call.See Favors v. State, 437 So.2d 1358 (Ala.Crim.App.), aff'd,437 So.2d 1370 (Ala. 1983). The weight and probative value of the identification testimony was for the jury. Ex parte Favors,437 So.2d 1370 (Ala. 1983). Moreover, the statement objected to concerned the arson charge and the appellant was acquitted of arson.
For the reasons set forth above, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.
[1] This motion was decided when the temporary Alabama Rules of Criminal Procedure were in effect, but the appellant was tried after the effective date of the new Rules of Criminal Procedure.