The appellant, Eric André James, was convicted of burglary in the third degree and *Page 271 
four counts of robbery in the first degree, violations of §§13A-7-7 and 13A-8-41, Code of Alabama 1975, respectively. He was sentenced under the Habitual Felony Offender Act, §13A-5-9, Code of Alabama 1975, to 25 years in the state penitentiary for the burglary conviction and to life imprisonment without parole for each of the robbery convictions.
The appellant raises four issues on appeal.
 I
The appellant first contends that the trial court erred in receiving into evidence the record of his prior felony conviction for forgery that occurred in 1991. In addition to this felony, the state proved that the appellant had been convicted of two other felonies. The evidence of these three previous felony convictions triggered the imposition of the mandatory additional penalties prescribed in § 13A-5-9(c). The appellant contends that the 1991 forgery conviction should not have been used in enhancing his sentence because, he says, there is no record in the case action summary relating to that conviction that there was an allocution before he was sentenced.
The appellant cannot, during a subsequent sentencing hearing, attack the validity of a prior conviction that forms the basis for application of the Habitual Felony Offender Act. As this court stated in Sturdivant v. State, 643 So.2d 1013, 1014
(Ala.Cr.App. 1993), "[t]he proper procedure for challenging the validity of prior felony convictions used for enhancing a sentence under the Habitual Felony Offender Act is to file a Rule 32, A.R.Crim.P., petition in the court of conviction for the conviction being challenged." The trial court did not err by receiving into evidence the record of the previous felony forgery conviction and by using it to enhance the appellant's sentence.
 II
The appellant next asserts that the trial court erred in denying his motion to sever the burglary case from the robbery cases. The appellant was indicted in separate indictments for two counts of robbery arising out of incidents occurring on November 10, 1994, two counts of robbery arising out of incidents occurring on November 19, 1994, and one count of burglary arising out of an incident occurring on November 18, 1994. The state moved to consolidate the offenses under Rule 13.3, Ala.R.Crim.P., and the trial court granted the motion.
Rule 13.3, Ala.R.Crim.P., allows the consolidation of two or more indictments if they: 1) are of the same or similar character; 2) are based on the same conduct; 3) or are part of a common scheme.
 "The trial court may order separate trials for the offenses if it appears the defendant will be prejudiced by the joinder of the offenses. Ala.R.Crim.P. 13.4. 'The burden of proof is on the defendant to demonstrate specific and compelling prejudice which the trial court cannot protect against and which causes him to receive an unfair trial.' Summerlin v. State, 594 So.2d 235, 236
(Ala.Cr.App. 1991). See also Hinton v. State, 548 So.2d 547 (Ala.Cr.App. 1988), aff'd, 548 So.2d 562
(Ala. 1989), cert. denied, 493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989). 'The granting of a severance rests within the discretion of the trial court and its refusal to sever counts or defendants that are properly joined will only be reversed for a clear abuse of discretion.' Summerlin v. State, 594 So.2d at 236."
Snell v. State, 677 So.2d 786, 789 (Ala.Cr.App. 1995).
The state's evidence tended to show that the appellant robbed David and Juanita Mathis in their Roebuck home on November 10, 1994, that he burglarized the home of Estelle Pardue in Roebuck on November 18, 1994, and that he robbed Baldo and Marie Dibendetto in their home in Center Point on November 19, 1994. These incidents are similar in several ways. They occurred within a nine-day period and in a relatively small geographic area. The appellant's fingerprints were found at the Pardue house and the Dibendetto house. All three incidents were similar in the way that they occurred in that the perpetrator slipped into the house while the owners were occupied with a household chore in the yard. *Page 272 
The appellant has not demonstrated any specific and compelling prejudice he suffered because of the joinder of the offenses. The trial court did not err in denying his motion to sever the burglary case.
 III
The appellant also contends that the trial court erred by receiving into evidence items seized from his bedroom because, he alleges, the consent to search given by his fiancé, Vickie White, was not voluntary. He specifically alleges that White was not informed of her Miranda v. Arizona, 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rights and was told by the police that they would get a warrant to search if she did not give them permission.
The state's evidence tended to show that the appellant shared a room with Vickie White at her parent's house. The evidence indicates that when the police asked White for permission to search the room, she voluntarily signed a waiver granting police permission to search the house. White had the authority to allow police to search the room she and the appellant shared.
 " 'In order for the consent to be valid, the person giving the consent must have the authority to do so. Stoner v. California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964). Permission may be obtained from "a third party who possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974). "The authority which justifies the third-party consent rests on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." Id. at 171, n. 7, 94 S.Ct. at 993, n. 7. It is clearly the law in Alabama that a wife, or other joint occupants of living quarters, may constitutionally consent to a warrantless search of the premises.' "
Rieber v. State, 663 So.2d 985, 990 (Ala.Cr.App. 1994), aff'd,663 So.2d 999 (Ala.), cert. denied, ___ U.S. ___,116 S.Ct. 531, 133 L.Ed.2d 437 (1995), quoting Daniels v. State,534 So.2d 628, 653 (Ala.Cr.App. 1985), aff'd, 534 So.2d 656
(Ala. 1986), cert. denied, 479 U.S. 1040, 107 S.Ct. 898,93 L.Ed.2d 850 (1987).
Ms. White testified at trial that nobody forced her to sign the consent form. Although the police did tell her that they could get a search warrant if she did not give her consent, White's testimony makes it clear that she knew she had the right to refuse permission for the search and that she was not coerced into giving it.
Further, it was not necessary for the police to read White her Miranda rights before seeking her permission to search. "The protections afforded a suspect under Miranda apply only when the suspect is both in custody and being interrogated."United States v. Lawrence, 952 F.2d 1034, 1036 (8th Cir.), cert. denied, 503 U.S. 1011, 112 S.Ct. 1777, 118 L.Ed.2d 434
(1992). The trial court did not err by receiving into evidence items seized from the appellant's bedroom.
 IV
The appellant last asserts that the trial court erred by refusing to grant his motion for a judgment of acquittal. The appellant specifically asserts that the state failed to prove that he was the person whose fingerprints were found at the crime scenes because Robert Cockrun, the correctional officer at the Birmingham city jail who fingerprinted the appellant when he was arrested, could not identify him in open court as the person whose prints were on the fingerprint card. However, without addressing the merits of this contention, we note that the issue was not preserved for appellate review because the appellant did not object to Cockrun's testimony, and did not secure an adverse ruling in any other way. "An adverse ruling is required in order to preserve error for appellate review."Maul v. State, 531 So.2d 35, 36 (Ala.Cr.App. 1987). *Page 273 
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.