The appellant, Michael Lewis Gagliardi, was convicted of one count of robbery in the first degree, a violation of §13A-8-41, Code of Alabama 1975, and was sentenced to life in the state penitentiary without the possibility of parole. Although the appellant raises five issues on appeal, all his issues are related to *Page 207 
the single issue of whether the trial court erred in consolidating for trial two counts of robbery in the first degree.
The evidence, in the form of the testimony of two witnesses, Debbie Thrasher and Earl Merritt, tended to show that on February 16, 1994, at approximately 5:00 a.m., the appellant entered a Big B Drugstore on Gadsden Highway in Birmingham purportedly to purchase a bottle of Tylenol, pain medication. Thrasher, an employee of the store, testified that the appellant appeared disoriented. Specifically, she said, he was having difficulty writing a check for his purchase and had particular difficulty finding his driver's license. The appellant left the store to locate his driver's license. He then re-entered the store and, while showing the "butt of a gun," under his jacket, explained to the clerk that she needed to give him the money in the cash drawer. After she gave him the money, the appellant left the store and slowly walked across the parking lot until he was out of sight.
Further, Mark Harris, a desk clerk at a Days Inn Motel in Fultondale, a Birmingham suburb, testified at trial that on February 17, 1994, at approximately 4:30 a.m., the appellant entered the lobby of the Days Inn. Harris testified that the appellant appeared to be sick and that he was disoriented. Harris stated that he tried to help the appellant, but that the appellant told Harris to give him "the money." The appellant did this while showing Harris the "butt of a gun," under his jacket. Harris further testified that, after he gave him the money, the appellant left the building and slowly walked away until he was out of sight.
Initially, the appellant contends that the trial court erred in consolidating the two charges of robbery because, he argues, there was insufficient evidence to support a theory of similar character, same conduct, or common scheme or plan pursuant to Rule 13.3, Ala.R.Crim.P.. Specifically, he contends that the two offenses could not have been charged in a single indictment under Rule 13.3(a), Ala.R.Crim.P. and, therefore, that the offenses should not have been consolidated for trial. He further contends that he was prejudiced as a result of the consolidation.
The consolidation of separate indictments, so that the accused may be tried in one trial, is specifically provided for in Rule 13.3(c), Ala.R.Crim.P. This rule states:
 "If offenses . . . are charged in separate indictments, informations, or complaints, the court on its own initiative or on motion of either party may order that the charges be tried together . . . if the offenses . . . could have been joined in a single indictment, information, or complaint."
In Yelder v. State, 630 So.2d 92 (Ala.Cr.App. 1991), rev'd on other grounds, 630 So.2d 107 (Ala. 1992), this Court held:
 "Joinder of offenses is permitted if the offenses 1) share the same or similar characteristics, or 2) involve the same conduct or connection in their commission, or 3) are part of a common scheme. See Rule 15.3(a), A.R.Crim.P.Temp. (now Rule 13.3(a), A.R.Crim.P.). See also Butler v. State, 439 So.2d 210 (Ala.Cr.App. 1983). 'Joinder, and thus consolidation, is appropriate where the crimes are of similar character, meaning nearly corresponding, resembling in many respects, or having a general likeness. United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980).' Ex parte Hinton, 548 So.2d 562, 566 (Ala. 1989), cert. denied, 493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989). The question is whether the offenses are of a same or similar character so that a person evaluating the crimes would believe that the offenses were committed by the same person. See King v. State, 518 So.2d 880
(Ala.Cr.App. 1987)."
630 So.2d at 95-96.
Our examination of the evidence in this case convinces us that the consolidation of these offenses was correct. Both crimes were of the same or similar character within the meaning of Ex parte Hinton, 548 So.2d 562 (Ala. 1989), cert. denied,493 U.S. 969, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989), that is, they were committed on two consecutive nights, by a man who entered an "all-night" business and appeared to be disoriented. Both crimes were committed at approximately 4:30 a.m. to 5:00 a.m. and the businesses were in close proximity to one another. Furthermore, *Page 208 
both crimes were committed by someone who caused confusion and who subsequently showed the clerk the "butt of a gun," under his jacket, in an apparent attempt to intimidate the clerk. Moreover, in both crimes, the perpetrator, after obtaining the money, slowly left the building and walked away.
Furthermore, this Court has noted that perhaps the most important consideration in determining whether crimes are similar is whether evidence of the one offense would have been admissible in the trial of the other. Nickerson v. State,523 So.2d 504 (Ala.Cr.App. 1987). It is our opinion that, had each offense been tried separately, evidence of the other charge would have been admissible to show identity. It is generally true that evidence of other crimes is not admissible to show that the defendant committed the now-charged offense, however, evidence of other crimes is admissible to prove the identity of the defendant. Rule 404(b), Ala.R.Evid. This exception to the " 'general exclusionary rule only becomes applicable when the identity of the person who committed the now-charged crime is in issue.' " Thomas v. State, 409 So.2d 955, 957
(Ala.Cr.App. 1981), quoting C.Gamble, McElroy's AlabamaEvidence, Section 69.01(8) (4th Ed. 1991). During crossexamination of several state witnesses, defense counsel placed the appellant's identity in issue by questioning those witnesses as to possible mistaken identity, specifically regarding the clothes that the appellant was wearing and his overall appearance. Based on Thomas and Nickerson, evidence of each of these crimes would be admissible in the trial of the other; therefore, we hold that the trial court did not err in consolidating the two robbery charges.
The appellant also contends that the trial court erred by denying his motion to sever the two counts. Rule 13.4(b), Ala.R.Crim.P., requires that a motion to sever made after a motion to consolidate has been granted must be filed within seven days after the court's order of consolidation. The Rule further states that the right to move for a severance is waived if a motion is not timely made.
On September 16, 1994, the court granted the state's motion to consolidate these offenses. The appellant's motion to sever the offenses was filed on January 2, 1996. Because the appellant's motion to sever was filed over 15 months after the court entered its order, the appellant's motion to sever was not timely.
Even had the motion to sever been timely filed, however, the appellant has not, and we believe, cannot show that the consolidation or the denial of the motion to sever caused "compelling prejudice" to him as is required underHinton, supra. This Court noted in Summerlin v. State,594 So.2d 235, 236 (Ala.Cr.App. 1991), that "the granting of a severance rests within the discretion of the trial court and its refusal to sever counts . . . will only be reversed for a clear abuse of discretion."
 "It is only the most compelling prejudice that will be sufficient to show the court abused its discretion in not granting a severance. United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973), cert. denied, 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974). A mere showing of some prejudice is insufficient. United States v. Wilson, 657 F.2d 755, 765 (5th Cir. 1981), cert. denied, 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 667 (1982); Perez, 489 F.2d at 65."
Hinton, 548 So.2d at 566.
The appellant contends that he was prejudiced because he was found not guilty as to one of the robbery charges, but was found guilty as to the other charge. We disagree. Because the jury convicted the appellant as to one charge and acquitted as to the other, it is inconceivable to this Court that the appellant can claim prejudice.
Furthermore, although the appellant was tried on two counts of robbery in the first degree, he was convicted of only one count of robbery in the first degree. Thus, any issues raised concerning the count of which he was subsequently acquitted are not correctly before this court. "The charge upon which the conviction rests is the only charge that is subject to appellate review." McCain v. State, 611 So.2d 1123, 1124
(Ala.Cr.App. 1992). *Page 209 
For the reasons stated above, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.