*1139
On Return to Remand

McMILLAN, Judge.
On November 14, 1997, we remanded this case to the trial court for the imposition of the mandatory fíne established in § 13A-12-281, Code of Alabama 1975. On return to remand, we withdraw the November 14, 1997, opinion and substitute the following therefor.
The appellant, Michael Dwayne Turner, appeals from his convictions for trafficking in marijuana, a violation of § 13A-12-231, Code of Alabama 1975, and for failure to affix a tax stamp, a violation of § 40-17A-4, Code of Alabama 1975. He was sentenced to 10 years’ imprisonment on the trafficking conviction; that sentence was split, and he was ordered to serve 3 years and the remainder on probation. Additionally, he was sentenced to two years’ imprisonment on the conviction for failure to affix a tax stamp. That sentence was suspended and the appellant was placed on probation.
I.
The appellant argues that the trial court erred in denying his motion to suppress evidence that he alleges was illegally seized from his apartment pursuant to an anticipatory search warrant. The appellant argues that although the search warrant did not, on its face indicate that it was an anticipatory search warrant, it was in effect an anticipatory search warrant. The appellant further argues that the warrant was illegal because anticipatory search warrants were not permitted by existing law at the time the warrant was issued. In support of his argument, the appellant cites Ex parte Oswalt, 686 So.2d 368 (Ala.1996).
Although the search warrant in this case was not an anticipatory warrant, we note that anticipatory search warrants are now authorized in Alabama. In response to Ex parte Oswalt, supra, the Criminal Rules Advisory Committee redrafted Rules 3.7 and 3.8, Ala.R.Crim. P., to permit anticipatory search warrants. See Committee Comment to Rules 3.7 and 3.8. The Alabama Supreme Court adopted the amendments and the amendments were effective December 1, 1997.
In Ex parte Oswalt, supra, the Alabama Supreme Court reversed this Court’s judgment upholding an anticipatory warrant. In so holding, the Ostvalt Court described the nature and operation of those warrants as follows:
“In general, a search warrant based upon ‘an affidavit showing probable cause that at some future time (but not presently) certain evidence of a crime will be located at a specific place’ is referred to as an anticipatory search warrant. 2 W. LaFave, Search and Seizure, § 3.7(c) (2d ed.1987). In other words, an anticipatory search warrant anticipates that certain specific events will occur after the issuance of the warrant, those future events creating the probable cause that supports the warrant. If the future events do not occur, the warrant is void. United States v. Garcia, 882 F.2d 699 (2d Cir.), cert. denied, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989).”
686 So.2d at 372 (footnote omitted).
The Osiualt Court held that, while anticipatory search warrants were not per se unconstitutional, Rule 3.8, Ala.R.Crim. P., as it then read, required that “the evidence to be seized be evidence of a criminal offense that has already occurred,” id. at 373 (emphasis original), and, therefore, did not authorize anticipatory search warrants. The Oswalt Court went on to state that “because ive believe it would be in the best interest of the citizens of this State, we recommend that the *1140 Criminal Rules Advisory Committee redraft Rule 8.8 to permit the broader issuance of anticipatory search warrants than the Rule currently allows.” (Emphasis original.)
We realize, however, that the principles enunciated in Ex parte Oswalt, supra, are not applicable in this case. The record indicates that the search warrant in this case was executed on September 6, 1995, approximately nine months before Ex parte Oswalt, supra, was released, which, for the first time, held that anticipatory search warrants were invalid. Thus, the deterrent purpose of the exclusionary rule would not be served here, because the police did not have knowledge, nor could they be charged with knowledge, that the warrant was invalid because of its anticipatory nature. The record reveals that, at the hearing on the motion to suppress, Officer Ashworth testified that he had executed what he believed were anticipatory search warrants before he obtained the warrant in this case. He testified that he though that anticipatory search warrants were valid when he obtained the warrant. Therefore, because the police officers were acting in good faith when they searched the appellant’s residence, the trial court correctly denied the appellant’s motion to suppress.
II.
The appellant argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, the State presented insufficient evidence to sustain his conviction for trafficking in marijuana. Specifically, he argues that the evidence was not sufficient to show that he knew or had reason to know that the package addressed to him contained marijuana.
The evidence presented by the State included the testimony of police officers who testified that, after the package containing the marijuana was seized pursuant to the anticipatory search warrant, the appellant told them, without ever opening the package, that it should contain approximately four pounds of marijuana. The officers testified that the appellant told them that he had received the package from Mr. Green in California, to whom he had just mailed $2,100 via Western Union for a prior shipment. The State introduced into evidence the testimony of a forensic scientist who testified that the package contained a total of 1,848.05 grams of marijuana, which is approximately 4.25 pounds.
There was sufficient evidence to present the case to the jury on the issue of the appellant’s constructive possession of the marijuana. See Bright v. State, 673 So.2d 851 (Ala.Cr.App.1995). (knowledge by the accused of the presence of a controlled substance may be, and usually is, established by circumstantial evidence). Mobley v. State, 563 So.2d 29 (Ala.Cr.App.1990) (while proximity to the contraband alone is not enough to establish constructive possession, where other circumstantial evidence is sufficiently probative, the proximity to the contraband coupled with an inferred knowledge of its presence will support a verdict of guilt). The trial court did not err in denying the appellant’s motion for a judgment of acquittal.
The appellant’s conviction and his sentence are affirmed.
OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All judges concur.