On January 5, 1996, Michael Gagliardi, was convicted of robbery in the first degree, a violation of § 13A-8-41, Ala. Code 1975. Gagliardi was sentenced pursuant to the Habitual Felony Offender Act to life imprisonment without parole. Gagliardi's conviction was affirmed on direct appeal. Gagliardi v. State,695 So.2d 206 (Ala.Cr.App. 1996). We take judicial notice of the record on direct appeal. On May 21, 1998, Gagliardi filed a Rule 32, Ala.R.Crim.P., petition attacking his 1996 robbery conviction. In his petition, Gagliardi claimed, among other things, that his trial counsel was ineffective for failing to object to the use of a 1991 felony conviction to enhance his sentence because, he claimed, the 1991 conviction was not valid. Specifically, he argued that his 1991 conviction was not valid because the conviction was obtained without an information. On July 2, 1998, the circuit court entered an order denying Gagliardi's Rule 32 petition.
Gagliardi filed a motion to reconsider the petition, realleging his claim that his trial counsel was ineffective for not challenging the validity of the 1991 felony conviction. The State filed a response. On December 18, 1998, the circuit court conducted a hearing to consider the merits of Gagliardi's claim. The circuit court determined that in 1991 Gagliardi had pleaded guilty by information in the District Court of Jefferson County to robbery in the second degree. See Rule 2.2(e), Ala. *Page 367 
R.Crim.P. However, during the hearing the State was unable to produce the information from the 1991 conviction. At the conclusion of the hearing, the circuit court found, that because the State could not produce the information, the 1991 conviction was not valid. The circuit court further determined that because the 1991 conviction was not valid, the use of that conviction to enhance Gagliardi's 1996 sentence was improper. The circuit court then vacated Gagliardi's sentence for life imprisonment without parole for his conviction of robbery in the first degree and resentenced Gagliardi to life imprisonment. The State appealed.
Rule 32.1, Ala.R.Crim.P., provides that "any defendant convicted of a criminal offense may institute a proceeding in thecourt of original jurisdiction to secure appropriate relief." (Emphasis added.) Moreover, a petitioner cannot at a subsequent proceeding attack the validity of a prior conviction that was used only to enhance the sentence under the Habitual Felony Offender Act. See James v. State, 681 So.2d 269 (Ala.Cr.App. 1996).
Gagliardi's Rule 32 petition is a collateral attack on the validity of his 1991 guilty plea conviction. Therefore, the petition should have been filed in the court of original jurisdiction — the Jefferson District Court.
 "`A court's lack of subject-matter jurisdiction is fundamental, cannot be waived, and may be raised at any time.' McKinney v. State, 549 So.2d 166, 168 (Ala.Cr.App. 1989). See Rule 15.2(d), A.R.Cr.P, Moreover, it is incumbent upon appellate courts to consider lack of subject-matter jurisdiction ex mero motu. Ex parte Smith, 438 So.2d 766
(Ala. 1983)."
Pittman v. State, 621 So.2d 351, 352 (Ala.Cr.App. 1992). Cf.Harvey v. City of Oneonta, 715 So.2d 779 (Ala. 1998). Because the Jefferson Circuit Court was not the court of original jurisdiction for Gagliardi's 1991 guilty plea conviction, that court was without jurisdiction to determine the validity of the 1991 conviction. Therefore, its actions in setting aside Gagliardi's 1991 conviction are void. This case is remanded to the circuit court with directions to reinstate the original sentence of life imprisonment without parole.
If Gagliardi wishes to challenge the validity of his 1991 guilty-plea conviction, he should file a Rule 32 petition in the court of original jurisdiction, the Jefferson District Court. Once that court has made a determination on the validity of the 1991 conviction, he can challenge the use of the 1991 conviction to enhance his 1996 sentence.
For the reasons stated above, this case is remanded with directions to the circuit court for actions consistent with the directions set forth in this opinion. A return to remand to this court shall be made within 21 days of this opinion.
REMANDED WITH DIRECTIONS.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur. *Page 887