McMILLAN, Presiding Judge.
Phyllis Willeut Richey was convicted of the following: (1) driving on the wrong side of the road; (2) driving under the influence (“DUI”); and (3) two counts of murder resulting from a DUI-related automobile accident. She was fined $100 for the conviction for driving on the wrong side of the road and $1000 for her DUI conviction. She was sentenced to one year’s imprisonment in the Lauderdale County jail for the DUI conviction and to life imprisonment in the custody of the Department of Corrections for each of the two murder convictions. All the sentences were ordered to be served concurrently. *288 The Court affirmed Richey’s convictions by an unpublished memorandum, Richey v. State, 778 So.2d 875 (Ala.Crim.App.1999) (table).
Richey has now filed a Rule 32, Ala. R.Crim. P., petition, attacking her convictions. The State moved to dismiss, arguing that the claims raised in the petition were all either proeedurally barred or without merit. The trial court summarily dismissed the petition on the grounds pleaded by the State — Richey appealed.
Richey presents nine issues in her brief to this Court. Her Rule 32 petition contained additional issues that she does not argue on appeal. Accordingly, she is deemed to have abandoned these issues, and this Court need not address them. Brownlee v. State, 666 So.2d 91 (Ala.Crim.App.1995).
Richey contends that she was not afforded a fair trial. First, she argues that the trial court erred in charging her with murder, under § 13A-6-2, Ala.Code 1975. Because the victims were killed in a DUI-related automobile accident, Richey believes that the proper charge for the two murder offenses was homicide by vehicle or vessel, see § 32-5A-192, Ala.Code 1975, rather than murder.
Next, she claims that the trial court erred in failing to indict the three passengers in her vehicle at the time of the accident for complicity under § 13A-2-23, Ala.Code 1975. She also argues that the trial court erred in allowing evidence of her activities the night before the accident to be presented to the jury. She states that on the night before the accident, she was arrested and charged with DUI in connection with a hit-and-run accident. Because she had been charged with, but not convicted of, these offenses at the time of her trial for the murder offenses, she asserts that evidence of her arrest was improperly admitted.
Richey also argues that, because of what she says was an excessive amount of publicity surrounding this crime, the trial court erred in denying her motion for a change of venue. She further argues that the jury was tainted by the publicity surrounding her case, as well as by the fact that her automobile was parked in the parking lot of the Lauderdale County courthouse during the trial and by photographs of the victims that were introduced into evidence. She contends, also, that the steering wheel from her vehicle was improperly admitted into evidence because, she says, it had been “handled and touched by several people, then removed from the car and placed on the road behind [her] vehicle at the scene of the accident.” Richey next contends that her Fourth Amendment rights were violated. She states that she was unconscious immediately after the accident and that any of the three passengers in the vehicle could have tampered with evidence before the state trooper who responded to the accident arrived on the scene. Richey argues that, during this time, the steering wheel was removed from the vehicle and that alcohol and marijuana were placed in the vehicle. She contends that, because she was unconscious immediately following the accident, she was obviously unable to consent to a search of the vehicle, and this evidence, therefore, was the product of an illegal search and seizure and was wrongfully admitted at trial.
In Issue III in her brief to this Court, Richey argues that the State withheld evidence from her trial counsel. Specifically, she alleges that “counsel was not aware of the steering wheel and the pictures of the wreck that showed only the deceased.”
Richey’s fourth issue is that the principle of double jeopardy was violated because she was tried for two counts of *289 murder when both deaths arose from the same incident. In the alternative, Richey also argues that the admission of evidence of her actions the night before the accident subjected her to double jeopardy.
Richey alleges that both her trial counsel and her appellate counsel rendered ineffective assistance.[1] She argues that her attorney was ineffective for the following reasons: (1) counsel failed to preserve for appeal the issue of the admission into evidence of Richey’s actions the night before the accident; (2) counsel failed to interview and subpoena witnesses and to investigate the evidence; (3) counsel failed to raise on appeal the issue of venue; (4) counsel failed to object at trial to the alleged illegal search and seizure of evidence from her vehicle; (5) counsel failed to examine the physical evidence in this case; (6) counsel failed to adequately communicate with her before and during her trial and pending the outcome of her appeal; and (7) counsel failed to request the trial court to instruct the jury on the lesser-included offenses of murder.
Richey next argues that her sentence was excessive. She reiterates her belief that she was erroneously indicted for murder, instead of for homicide by vehicle or vessel, and that the trial court improperly admitted evidence that she was arrested for DUI on the night before the accident. She contends that these two factors contributed strongly to the trial court’s decision to sentence her to two terms of life imprisonment. Richey further argues that the trial court should have taken the following mitigating factors into consideration: (1) that she was a first-time offender; (2) that she had children; (3) that she was a college graduate; and (4) that she lost her right leg as a result of the automobile accident in which the victims were killed.
In Issue VII in her brief to this Court, Richey argues that newly discovered evidence requires her conviction and sentence to be vacated. She states that she was advised by a fellow inmate that one of the passengers in her vehicle had admitted that he was driving the vehicle at the time of the accident. However, Richey also admits that another person, Sheila Duncan, had previously provided her with this same information, and the trial transcript indicates that Duncan testified at trial.[2]
Richey’s eighth argument simply argues that if all of the information contained in her Rule 32 petition and in her appellate brief had been before the trial court, she would not have been convicted of murder.
Finally, Richey claims that she is innocent of the crime of murder. She contends that, because she was intoxicated at the time of the automobile accident, she lacked the requisite intent for this offense.
Issues I, II, III, IV, VI, VII, VIII, and IX are procedurally barred from review. The proper time for Richey to have raised these issues was either at trial or on direct appeal. Richey’s claim that the trial court improperly admitted evidence of her prior arrest for DUI was the sole issue raised on direct appeal. It is therefore barred by Rule 32.2(a)(4), Ala. R.Crim. P., as it has previously been argued. Issue VII, which purports to be a claim of newly discovered evidence, presents only a claim which was argued at trial and is consequently barred by Rule 32.2(a)(2). The remaining claims contained in Issues I, II, III, IV, VI, VIII, *290 and IX are precluded by Rules 32.2(a)(3) and (5).
In Issue V, Richey raises seven ineffective-assistance-of-counsel claims. Claims 3 and 4 are raised for the first time on appeal and are not properly before this Court. Lawhorn v. State, 756 So.2d 971 (Ala.Crim.App.1999). The remaining claims must satisfy the two-pronged test outlined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674,(1984), in order for her to prevail on her claims of ineffective assistance of counsel. Williams v. State, 480 So.2d 1265 (Ala.Crim.App.1985). The Strickland test requires the appellant to prove not only that counsel’s performance was deficient, but that the deficiency prejudiced the appellant. This Court indulges a strong presumption that trial counsel’s representation was sufficient and that he did provide the appellant with effective assistance of counsel. Hallford v. State, 629 So.2d 6 (Ala.Crim.App.1992).
Claims 2, 5, and 6 allege that trial counsel was ineffective for his failure to interview witnesses, examine evidence, and communicate with Richey. These claims against counsel are no more than bare allegations that his representation was deficient. Richey has offered no facts to support these three claims, and she is not entitled to postconviction relief on these grounds.
Claim 7 argues that trial counsel’s failure to request jury instructions on the lesser-included offenses which are encompassed by the crime of murder constituted ineffective assistance of counsel. The record on direct appeal reveals, however, that the trial court thoroughly instructed the jury on the offenses of manslaughter, criminally negligent homicide, and vehicular homicide, as well as on the offense of murder. Because the trial court did instruct the jury on the lesser-included offenses, Richey cannot argue that trial counsel’s failure to request such an instruction was an error which frustrated her defense at trial.
However, Richey’s claim that counsel was ineffective for failing to preserve for appellate review the issue of the trial court’s admission of evidence of the events of the night prior to the accident is meritorious on its face.[3] The trial court must be afforded the first opportunity to determine whether an appellant was denied effective assistance of counsel. Because the trial court’s order did not make findings as to this issue, we remand this matter to the Lauderdale Circuit Court for that court to conduct further proceedings, if necessary, and to make findings as to this claim. Due return shall be made to this court within 60 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Richey was represented by the same attorney at trial and on direct appeal.

. This Court may take judicial notice of its own records on direct appeal when reviewing a Rule 32 petition. State v. Gagliardi, 747 So.2d 366 (Ala.Crim.App.1999).

. We note that a claim regarding the trial court's admission of this evidence was raised on direct appeal and that this Court held that it had not been preserved for appellate review.